Docket No. 08-cv-4305 (JGK)
Case No. 07-B-13481 (MG) (Bankruptcy Court)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

MAYNE MILLER,

                                    Debtor                    Chapter 13

MAYNE MILLER,

                                    Appellant

            -against-

JEFFREY L. SAPIR, Chapter 13 Trustee,
IRENE CARGONJA, and
79 EAST OWNER, LLC,

                                    Appellees

NOTICE OF MOTION FOR RELIEF FROM JUDGMENT
    OR FOR MODIFICATION AND CONSOLIDATION

MAYNE MILLER

21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney-Appellant

To: Jeffrey L. Sapir, Ch. 13 Trustee, 399 Knollwood Road, White Plains,
NY 10603, (914) 238-7272, Appellee

Mitofsky, Shapiro, Neville & Hazen, 152 Madison Avenue, New York,
NY 10016, (212) 736-0500, Attorney for Appellee 79 East Owner LLC

Harvey J. Cavayero, 57 Old Country Road, Westbury, NY 11590, (516)
478-5818, Attorney for Appellee Irene Cargonja

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In the Matter of | | Case No. 07-B-13481(MG) |
| MAYNE MILLER, | | Chapter 13 |
| | Debtor | |

---

| | | |
|---|---|---|
| MAYNE MILLER, | | |
| | Appellant | |
| -against- | | Docket No. 08-cv-4305 (JGK) |
| JEFFREY L. SAPIR, Chapter 13 Trustee, IRENE CARGONJA, and 79 EAST OWNER, LLC, | | NOTICE OF MOTION |
| | Appellees | |

---

**NOTICE OF MOTION BY APPELLANT
FOR RELIEF FROM JUDGMENT OF DISMISSAL OF APPEAL
OR ALTERNATIVELY FOR MODIFICATION OF JUDGMENT
AND FOR CONSOLIDATION OF APPEALS**

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT, upon the Notice of Appeal herein, the Order of the Honorable James G. Peck, Judge of the United States Bankruptcy Court for the Southern District of New York, entered January 4, 2008, the Designation of Contents of Record and Statement of Issues on Appeal dated March 7, 2008 and filed on May 27, 2008, true and complete copies of which are annexed hereto, Appellant Mayne Miller ("Appellant") will move this Court, before the Hon. John G. Koeltl, United States District Judge, at the Courthouse, 500 Pearl Street, New York, New York 10007, on a date to be designated by the Court, for an order granting relief from the Judgment entered herein on May 19, 2008, dismissing the within appeal for lack of prosecution, or alternatively to alter said judgment to allow the appeal to proceed, pursuant to Fed.R.Civ.P. 60(b) and 59(e), and granting such other and further relief as the Court deems just and proper in the circumstances.

PLEASE TAKE FURTHER NOTICE, that, pursuant to Local Rule 6.1(b), answering papers, if any, must be served on the Appellant and electronically filed pursuant to the

Court's ECF filing system, within ten business days after the within motion has been served and filed.

Dated: New York, New York
      June 3, 2008
                                    /s/ <u>Mayne Miller</u>
                                    Mayne Miller (MM 4106)
                                    21-55 45th Road, 2nd Floor
                                    Long Island City, New York
                                    Mail: P.O. Box 8050, G.P.O.
                                    New York, NY 10116
                                    (718) 472-1900

To:
Jeffrey L. Sapir, Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603
(914) 328-7272

Mitofsky, Shapiro, Neville & Hazen
152 Madison Avenue
New York, NY 10016
(212) 736-0500
Attorneys for Creditor 79 East Owner LLC

Harvey J. Cavayero
57 Old Country Road, Suite L
Westbury, NY 11590
(516) 278-5818
Attorney for Creditor Irene Cargonja

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of<br><br>MAYNE MILLER,<br>                              Debtor | Case No. 07-B-13481(MG)<br>Chapter 13 |
| MAYNE MILLER,<br>                          Appellant<br><br>        -against-<br><br>JEFFREY L. SAPIR, Chapter 13 Trustee,<br>IRENE CARGONJA, and<br>79 EAST OWNER, LLC,<br>                          Appellees | Docket No. 08-cv-4305 (JGK)<br>DECLARATION IN CONNECTION<br>WITH MOTION FOR RELIEF<br>FROM JUDGMENT AND IN<br>SUPPORT OF CONSOLIDATION |

MAYNE MILLER, an attorney duly admitted to the bar of the United States District Court for the Southern District of New York, hereby declares pursuant to 28 U.S.C. § 1746 subject to the penalties of perjury that the following statements are true.

       1. I am the Debtor in the bankruptcy case underlying the within appeal and am the Appellant in the within appeal.

       2. I submit this Declaration to explain the state of the record in the absence of any record or submissions from any party prior to the entry of the Order dismissing the within appeal, entered May 19, 2008, and in support of my motion for eventual consolidation of this appeal with the appeal now pending of the Order of the Honorable Martin Glenn, Judge of the United States Bankruptcy Court for the Southern District of New York, entered February 28, 2008.

### The Court's Record under this Docket

       3. The entire Docket Sheet in the within appeal consists of two numbered documents: (1) the Notice of Appeal, and (2) the Order dismissing the Appeal. The grounds for dismissing the appeal stated in the order were the transmission of the "case" to the District Court by the Clerk of the Bankruptcy Court apparently with a recommendation that the appeal be

afm/m p. 5 08-cv-4305

dismissed for failure to file the Designation of Items to be Included in the Record and checking the line identifying Fed.R.Bankr.P. 8006.

4. The Order of dismissal was printed underneath the above-referenced transmission from the Clerk of the Bankruptcy Court. However, the transmission itself does not appear on the Docket Sheet under the within case number in the District Court. Furthermore, no indication that such a transmission had occurred appears on the docket sheet under the docket number for the Debtor's dismissed bankruptcy case, No. 07-13481(MG); and, more importantly, notice of the recommendation of the Clerk of the Bankruptcy Court that the appeal be dismissed was never given to the Debtor.

5. Not only was no notice of the dismissal recommendation ever given to the Debtor, but three separate E-mails were sent to the Debtor on the very day that the recommendation was transmitted, all indicating that a proper filing had taken place. These three E-mails were: (1) a notice that the Honorable Frank Maas had been designated as the magistrate judge, (2) a copy of document no. 1, the Notice of Appeal (erroneously citing the Hon. Martin Glenn as the judge who issued the Order, rather than the Hon. James G. Peck) with a notation that the Appellant's Brief was due by May 27, 2008, and (3) a notification that the case had been designated as requiring electronic filing of documents ("ECF").

6. These three E-mails, combined with the fact that the Designation of the Contents of the Record and Statement of the Issues on Appeal had been prepared by the Debtor as early as March 7 (and it was his impression that the document had been filed, although it does appear that it was never filed electronically), led the Debtor to believe that the filing of the within appeal was completely in order and that his next task was to obtain the transcript of the relevant hearing, which was ordered at the same time as the Designation of the Contents of the Record was prepared (*i.e.*, March 7) but has still not been produced by the transcriber from whom it was ordered.

7. As a result of the above-recited sequence of events, the Debtor not only was not derelict in his duty to file the papers required by Fed.R.Bankr.P. 8006, but was also victimized by

afm/m p. 6 08-cv-4305

the misleading and secretive postings of the Clerk of the Bankruptcy Court, who meticulously posted all the documents that created the impression that the appeal was proceeding properly, while concealing her recommendation which led, twelve days later, to the totally unexpected dismissal of the Debtor's appeal.

8. At the very least, the Court has overlooked the fact that the Debtor was never informed that the Clerk of the Bankruptcy Court was not in receipt of the Designation of Contents of the Record, had not transmitted it to the District Court along with the "case" that was transmitted, and had unilaterally made the *ex parte* recommendation to dismiss the Debtor's appeal based on her erroneous assumption that the Designation of Contents of the Record had not been prepared.

9. All of the above circumstances qualify for modification of the judgment on the grounds of newly-discovered evidence and also qualify for relief from the judgment on the grounds of mistake and excusable neglect. Since the above circumstances are not apparent from any examination of the files of the District Court, it is respectfully requested that the requirements of Local Rule 6.3 be waived to allow this Declaration of a party be allowed to be submitted in connection with a motion for reconsideration.

10. The attention of the Court is also called to a recent policy declaration by the Clerk of the Bankruptcy Court that the record on appeal is not transmitted to the District Court unless the District Judge reviewing the appeal specifically requests it, the clear directive of Fed.R.Bankr.P. 8007(b) ("Duty of Clerk to Transmit Copy of Record") notwithstanding.

11. Inasmuch as in the companion appeal of the Order dismissing the Debtor's bankruptcy case (Docket No. 08-cv-4306) an order has already been entered extending the time in which to file the Appellant's Brief based on the continuing inability of the Debtor to obtain the transcripts ordered in March, it is respectfully requested that upon the requested modification of or relief from the judgment dismissing the within appeal, a similar extension of time be allowed for the filing of the Appellant's Brief in the within appeal.

afm/m p. 7 08-cv-4305

## Consolidation

12. The Debtor also moves to consolidate the within appeal with the appeal of the Order dismissing his bankruptcy case and denying reconsideration thereof. The crucial issue in the appeal of the dismissal of the bankruptcy case is whether such dismissal was proper on the sole ground of failure to file the required documentation (Schedules, Statement of Financial Affairs, Official Form 22C, and proposed Chapter 13 Plan) when all required documents had been filed before the order of dismissal was entered.

13. Judge Glenn, in dismissing the Debtor's bankruptcy case, found that there was a delay because the documents had not been filed within the time limitations provided in the Bankruptcy Code and Rules. The Debtor, had, however, requested extensions of all pertinent time periods of Judge Peck[1], and those requests had neither been granted nor denied.[2] If the requests had been granted, the Debtor would have been able to file the required documents within the extended time periods, and there would have been no ground to dismiss his bankruptcy case; however, the requests were ignored.

14. The Debtor believes that there was nothing in the record to indicate any prejudice to any party from the delay in filing the required documents and therefore the primary issue in both appeals is whether the late filings made by the Debtor were justified. This unity of issue, as well as the overlapping record in both appeals, justifies consolidation in the interests of judicial economy, particularly since both appeals have already been assigned to the same Judge.[3]

15. No previous application for similar or the same relief as herein requested has

---

[1] The Debtor's case was administratively transferred with all the other Chapter 13 cases, *en masse* from Judge Peck to Judge Glenn effective January 1, 2008.

[2] Although at a hearing on another matter, Judge Peck stated that he was intentionally ignoring the Debtor's requests for an extension of time, that ruling was never reduced to an order until the Debtor later moved for reconsideration, which was denied in a formal order.

[3] The imaginary third notice of appeal transmitted to the District Court by the Clerk of the Bankruptcy Court was assigned to the Honorable Paul A. Crotty. The Debtor has no need and no desire to perfect this imaginary appeal.

been made to any other court or judge.

WHEREFORE, the Debtor's motion for an order granting relief from the Judgment entered herein on May 19, 2008, dismissing the within appeal for lack of prosecution, or alternatively to alter said judgment to allow the appeal to proceed, pursuant to Fed.R.Civ.P. 60(b) and 59(e), and granting such other and further relief as the Court deems just and proper in the circumstances, should be granted in all respects.

Dated: New York, New York
     June 3, 2008

              /s/ Mayne Miller
              MAYNE MILLER (MM-4106)
              21-55 45th Road, 2nd Floor
              Long Island City, New York
              Mail: P.O. Box 8050, G.P.O.
              New York, NY 10116
              (718) 472-1900
              Attorney for Appellant

Case No. 07-B-13481 (MG)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

MAYNE MILLER,

Debtor

NOTICE OF APPEAL

MAYNE MILLER

21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney–Debtor

To: Jeffrey L. Sapir
399 Knollwood Road
White Plains, NY 10603
(914) 328-7272
Chapter 13 Trustee

Mitofsky, Shapiro, Neville & Hazen
152 Madison Avenue
New York, NY 10016
(212) 736-0500
Attorney for Creditor 79 East Owner LLC

Harvey J. Cavayero
57 Old Country Road
Westbury, NY 11590
(516) 478-5818
Attorney for Creditor Irene Cargonja

United States Trustee's Office
33 Whitehall Street
New York, NY 10004
(212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

MAYNE MILLER,

Debtor

Case No. 07-B-13481(MG)
Chapter 13

**NOTICE OF APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK FROM AN ORDER OF THE BANKRUPTCY
COURT OF THE SOUTHERN DISTRICT OF NEW YORK**

The Debtor, MAYNE MILLER, hereby appeals to the United States District Court for the

Southern District of New York from the Order of the Bankruptcy Court entered on the 4th day of

January, 2008, denying reconsideration of the Debtor's prior motions for an extension of time in

which to file the documents required by Fed.R.Bankr.P. 1007(b) and to perform the Debtor's

obligation under the non-residential lease for his office, and from each and every part thereof.[1] The

parties to the Order appealed from and the names and addresses of their respective attorneys are

as follows:

      Mayne Miller, Debtor *pro se*, 21-55 45th Road, 2nd Floor, Long Island City, New
York, Mail: P.O. Box 8050, G.P.O., New York, NY 10116, (718) 472-1900.
      Irene Cargonja: Harvey J. Cavayero, 57 Old Country Road, Westbury, NY 11590,
(516) 478-5818
      79 East Owner, LLC: Mitofsky, Shapiro, Neville & Hazen, 152 Madison Avenue,
NY 10016; (212) 736-0500
      United States Trustees' Office, 33 Whitehall Street, New York, NY 10004, (212)
510-0500

Dated: New York, New York
      January 14, 2008

      /s/ Mayne Miller
      MAYNE MILLER
      21-55 45th Road, 2nd Floor
      Long Island City, New York
      P.O. Box 8050, G.P.O.
      New York, NY 10116
      (718) 482-3989
      Attorney–Debtor-Appellant

---

[1] The Debtor reserves his rights pursuant to §8003(c) of the Federal Rules of Bankruptcy Procedure.

Case No. 07-13481 (MG)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MAYNE MILLER,

Debtor

APPELLANT'S DESIGNATION OF ITEMS FOR RECORD
FOR APPEAL AND STATEMENT OF ISSUES ON APPEAL

MAYNE MILLER

21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney–Debtor

To: Jeffrey L. Sapir
399 Knollwood Road
White Plains, NY 10603
Chapter 13 Trustee

United States Trustee's Office
33 Whitehall Street
New York, NY 10004
(212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                          Chapter 13

MAYNE MILLER,                                                  Case No. 07-B-13481 (MG)

                           Debtor

## APPELLANT'S DESIGNATION OF ITEMS FOR RECORD
## ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

Mayne Miller as Appellant hereby designates the following items, which are listed on the electronic docket of Case No. 07-13481 (MG), for inclusion in the Record on Appeal and submits the following issues on the appeal of the Order of the Hon. James M. Peck, Judge of the United States Bankruptcy Court, denying reconsideration of the "rulings" made by Judge Peck at a hearing on December 13, 2007, wherein Appellant's applications for an extension of time to file his Schedules and related financial disclosure documents and to perform his obligations under the lease on his office were denied without entry of a separate order, which order denying reconsideration was entered January 4, 2008.

## DESIGNATION OF CONTENTS OF RECORD ON APPEAL

1. Voluntary Petition, Exhibits and Statements, submitted November 1, 2007, filed November 2, 2007. ECF Doc. No. 1, 2.

2. Order to Show Cause to extend the time to file schedules and other documents, and Declaration in Support, filed November 19, 2007. ECF Doc. No. 9.

3. Notice of Motion to extend the time for performance under the Debtor's commercial lease and Declaration in Support, filed November 20, 2007. ECF Doc. No. 10.

4. Proposed *ex parte* Order extending time to file schedules and other documents, Declaration in support, Notice of Presentment, and Declaration of service, filed November 21, 2007. ECF Doc. No. (none)

-3-

5. Affidavit in opposition to motion to extend time to assume lease, filed November 26, 2007. ECF Doc. No. 11.

6. Reply Declaration in support of motion, filed December 12, 2007. ECF Doc. No. 16.

7. Transcript of Hearing, December 13, 2007.

8. Notice of Motion to reconsider the denial of an extension of time to perform under the Debtor's commercial lease and decision to ignore Debtor's *ex parte* application for an extension of time to file schedules and other documents and Declaration in Support, filed December 26, 2007. ECF Doc. No. 19.

9. Memorandum and Order of the Hon. James M. Peck Denying Debtor's Motion for Reconsideration of Denial of Extensions of Time, entered January 4, 2008. ECF Doc. No. 23.

10. Notice of Appeal of Order of January 4, 2008, denying reconsideration, filed January 14, 2008. ECF Doc. No. 24.

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. Whether the Court misapprehended the Debtor's situation regarding employment, health, and mortgage financing.

2. Whether the Court misapprehended the total number of cases and courts in which the Debtor's motions to withdraw as counsel for non-paying clients were denied.

3. Whether the ethical obligations of an attorney to continue time-consuming representation of non-paying clients constitutes a unique situation justifying an extension of time to file a debtor's schedules that must quantify accounts receivable from many individual clients.

4. Whether the bookkeeping and filing requirements of filing a debtor's schedules coupled with a long-standing disruption of an attorney's files after repeated dislocations of his office constitute a substantially greater burden on the attorney's time than the preparation of a simple motion in a recently-commenced case.

-4-

5. Whether an attorney should be required to devote all of his time in performing competently in a variety of complicated matters simultaneously with preparing the documentation required in a Chapter 13 bankruptcy case when neither activity is producing any income.

6. Whether a debtor-attorney should be required to devote all of his time to professional and statutory obligations in violation of his obligation as a debtor-in-possession to operate his business profitably as a trust for the benefit of his creditors.

7. Whether the obligation to brief an appeal involving at least eight different issues, *inter alia*, of anti-trust law, supremacy of federal legislation, administrative law, and the preclusive effect of issues not determined in prior state-court judgments, under time constraints, constitutes a sufficient burden and responsibility to justify the entire working time of a sole-practitioner attorney.

8. Whether the court misunderstood the distinction between rent-controlled tenancies and rent-stabilized tenancies in New York City.

9. Whether the commencement of a voluntary bankruptcy case before a judgment for residential rent could be entered in order to preclude the effect of 11 U.S.C. § 362(b)(22) constitutes a valid procedure to maintain a debtor's interests in his statutory entitlements to rent regulation and his law practice.

10. Whether the Debtor supplied adequate grounds for granting an extension of time in which to file Schedules and other required documents in his Order to Show Cause and his proposed *ex parte* Order.

11. Whether the Court was justified in ignoring the Debtor's applications for an extension of time in which to file Schedules and other required documents.

12. Whether the Debtor was justified in expecting that some relief would be granted when the Court gave no indication that his applications for an extension of time to file Schedules and other required documents were being ignored until a hearing on other matters one month later.

-5-

13. Whether the Court has an obligation to act on applications for extensions of time to file a debtor's Schedules and other required documents or has the discretion simply to ignore then without explanation or without informing the debtors of the Court's position.

14. Whether the minimal effort involved in preparing the Debtor's applications for an extension of time to file Schedules and other required documents was unnecessary.

15. Whether the Debtor's time spent in seeking to defer the deadline for filing Schedules and other required documents would have made any appreciable difference in the amount of time needed actually to prepare the documents.[1]

16. Whether a Debtor can legally and ethically submit Schedules and other required documents based entirely on estimates of essential figures when more accurate figures can be developed by organization of files and researching of records.

17. Whether the Court's determination of the motion for reconsideration was intended to have any effect on the Trustee's pending motion to dismiss the entire bankruptcy case.

18. Whether the Debtor was justified in moving for reconsideration, explaining the aspects of his application that the Court appeared to have overlooked or misapprehended at the December 13, 2007 hearing on other matters when no order was ever entered identifying any grounds for the Court's refusal to consider the Debtor's applications for an extension of time to file Schedules and other required documents.

19. Whether the Debtor's situation should be compared with wither Chapter 13 debtors seeking extensions of time who are not "in business" within the meaning of the Bankruptcy Code and Rules.

---

[1] The issues originally proposed to be raised regarding an extension of time to perform the Debtor's obligations under his commercial lease are now moot after a settlement has been reached with that landlord.

20. Whether the Court was justified in the inference that the Debtor had not dedicated himself to his obligations under Chapter 13 or that such obligations supersede his ethical obligations to his legal clients.

21. Whether a specific Order of the Court of Appeals for the Second Circuit takes priority over a specific Order of the Bankruptcy Court or non-jurisdictional time requirements of the Bankruptcy Code and Rules.

Dated: New York, New York
        March 7, 2008

/s/ Mayne Miller
(MM 4106)
21-55 45th Road
Long Island City, New York
Mail: P.O. Box 8050, GPO
New York, NY 10116
(718) 472-1900
Attorney–Debtor