Docket No. 08-cv-4305 (JGK)
Case No. 07-B-13481 (MG) (Bankruptcy Court)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

MAYNE MILLER,

                                    Debtor                    Chapter 13

MAYNE MILLER,

                                    Appellant

              -against-

JEFFREY L. SAPIR, Chapter 13 Trustee,
IRENE CARGONJA, and
79 EAST OWNER, LLC,

                                    Appellees

APPELLANT'S MEMORANDUM OF LAW
ON RELIEF FROM JUDGMENT OR
MODIFICATION AND CONSOLIDATION

MAYNE MILLER

21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney-Appellant

To: Jeffrey L. Sapir, Ch. 13 Trustee, 399 Knollwood Road, White Plains,
NY 10603, (914) 238-7272, Appellee

Mitofsky, Shapiro, Neville & Hazen, 152 Madison Avenue, New York,
NY 10016, (212) 736-0500, Attorney for Appellee 79 East Owner LLC

Harvey J. Cavayero, 57 Old Country Road, Westbury, NY 11590, (516)
478-5818, Attorney for Appellee Irene Cargonja

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of<br><br>MAYNE MILLER,<br><br>                                    Debtor | Case No. 07-B-13481(MG)<br>Chapter 13 |
| MAYNE MILLER,<br><br>                                    Appellant<br><br>            -against-<br><br>JEFFREY L. SAPIR, Chapter 13 Trustee,<br>IRENE CARGONJA, and<br>79 EAST OWNER, LLC,<br><br>                                    Appellees | Docket No. 08-cv-4305 (JGK)<br><br>MEMORANDUM OF LAW |

**APPELLANT'S MEMORANDUM OF LAW
ON RELIEF FROM JUDGMENT OF DISMISSAL OF APPEAL,
MODIFICATION OF JUDGMENT,
AND CONSOLIDATION OF APPEALS**

Submitted by:

MAYNE MILLER
21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney-Appellant

# TABLE OF CONTENTS

<u>Item</u>          <u>Point</u>                                                              <u>Page</u>

Preliminary Statement                                                      1

Statement of Facts                                                         2

Argument

Point I          Clerical errors in filing Appellant's Designation of the Content
                 of the Record on Appeal should not justify the discretionary
                 dismissal of an appeal for failure to meet a non-jurisdictional time
                 limitation without adequate notice.                       4

Point II         Appellant satisfies the requirements for reconsideration under
                 Fed.R.Civ.P. 59 and 60.                                   5

Point III        After the dismissal of the appeal of the order denying
                 reconsideration of a prior ruling ignoring a Debtor's application
                 for an extension of time to file required informatory documents,
                 the appeal therefrom should be consolidated with the Debtor's
                 appeal from the order dismissing the entire bankruptcy case on the
                 sole ground of untimely filing of said documents.         6

Conclusion                                                                 7

-1-

## PRELIMINARY STATEMENT

Appellant Mayne Miller ("Appellant") filed a voluntary Chapter 13 bankruptcy case, *pro se*, while a summary non-payment proceeding was pending against him seeking possession of his rent-stabilized apartment in Manhattan. The financial problems he was encountering stemmed largely from the sudden refusal of his most demanding client to pay accumulated bills for past services. Appellant, a sole-practitioner attorney, moved for leave to withdraw from several cases in various federal courts in which he represented this client or its affiliate. Most of those motions were initially denied.

After filing his bankruptcy petition, Appellant was able to withdraw from most of the prior noncompensated representation, except for two complicated, consolidated appeals before the Second Circuit. Appellant, under an Order of the Second Circuit to prepare a Reply Brief by a certain date, was obliged to spend most of his time on that activity and made two *ex parte* applications to the Hon. James M. Peck, Judge of the Bankruptcy Court (to whom his case was then assigned) for an extension of time to file the required informatory financial documents. Judge Peck did not act on either application, and at a hearing on unrelated matters on December 13, 2007, mentioned that he had determined to ignore the applications.

No order was ever entered denying the applications for extensions of time, but Appellant moved for reconsideration within ten days of the announcement from the bench. That motion was denied in a written opinion by Judge Peck entered January 4, 2008. A timely Notice of Appeal was filed. After a later order of the Hon. Martin Glenn, denying reconsideration of the Chapter 13 Trustee's motion to dismiss Appellant's bankruptcy case because the informatory documents had not been timely filed even though all the required documents had by then been filed, Appellant filed a timely Notice of Appeal of Judge Glenn's Order, prepared the required Designation of Contents of the Record and Statement of Issues on Appeal for both appeals, and ordered the transcripts of the two hearings (one before Judge Peck, the other before Judge Glenn) containing argument on the issues.

-2-

It appears that the Designation of Record for the first appeal was not filed electronically and the Clerk of the Bankruptcy Court did not receive it. Without notice to Appellant, the Clerk of the Bankruptcy Court transmitted the "case" to the District Court with a recommendation to dismiss the appeal because of the lack of a Designation pursuant to Fed.R.Bankr.P. 8006. The within appeal was promptly dismissed in an Order of Judge Koeltl entered May 19, 2008, without opinion. Appellant now moves for reconsideration and upon vacating the dismissal, consolidation of the two appeals.

## STATEMENT OF FACTS

Appellant filed his voluntary bankruptcy case during the trial of a summary non-payment proceeding against him by 79 East Owner, LLC, ("79") the new owner of the old-law tenement wherein his rent-stabilized apartment is located. Appellant had numerous defenses, including massive leaks from the roof into all rooms of his top-floor apartment. After the bankruptcy case was filed, 79 moved for relief from the automatic stay, which was granted with the limitation that it had to return to the Bankruptcy Court to execute any judgment obtained and to issue a warrant of eviction. The proceeding was settled on January 8, 2008, with a money judgment of $23,000—approximately 2/3 of what had been sought.

At the hearing on December 13, 2007, of 79's motion for relief from the automatic stay, wherein Appellant's motion for an extension of time to perform his obligations under the commercial lease for his office was also denied, Judge Peck mentioned from the bench that he consciously determined to ignore Appellant's two *ex parte* applications (the second following procedural instructions from chambers) for an extension of time in which to file the required financial documents (Schedules, Statement of Financial affairs, Official Form 22C, and proposed Chapter 13 Plan).

Notwithstanding that no order has ever been entered denying Appellant's applications for said extensions of time, he moved for reconsideration within ten days of the December

-3-

13, 2007 hearing. This motion was denied in a written opinion of Judge Peck entered on January 4, 2008, wherein Judge Peck noted, *inter alia*, that attorneys have to be able to juggle various commitments simultaneously but did not consider how to proceed when none of the various commitments generated any income and Appellant's debts continued to mount. It was not considered that Appellant had a substantial mortgage on a house in Florida he owns but for which he has been unable to obtain a tenant in the current depressed housing market there. It was stated that his decision was not intended to have any effect on the pending motion of the Chapter 13 Trustee to dismiss Appellant's entire bankruptcy case (for delay in filing the required documents, which were delinquent because of the refusal to grant any extension of time in which to file them).

Appellant timely filed a Notice of Appeal from the January 4, 2008 Order, but then had to apply himself to answering the Trustee's motion to dismiss his entire bankruptcy case. That motion was granted by Judge Glenn in an order entered February 1, 2008. Before entry of that Order, all the required documents had been filed by Appellant, who then moved for reconsideration, which motion was denied. A timely Notice of Appeal was filed from that denial as well. Transcripts of the two hearings were ordered in the first week in March, 2008, and the Designations of Record were also prepared. Apparently the Designation in the within appeal was inadvertently not filed electronically, and the Appeals Clerk of the Bankruptcy Court asserted that he had not received it.

On May 7, 2008, Appellant received an electronic notice from the Bankrupcty Court that the Notice of Appeal herein had been transmitted to the Bankruptcy Court. That notice gave no indication that the transmittal was deficient in any respect. Yet from the preface to the order of this Court, Hon. John G. Koeltl, District Judge, entered May 19, 2008, it appears that the transmittal was without the Designation of Record and with a recommendation that the appeal be dismissed pursuant to Fed.R.Bankr.P. 8006.

Appellant herewith requests reconsideration of the dismissal of his appeal without notice, on the grounds that amendment of the judgment is justified under Fed.R.Civ.P. 59 on the

-4-

grounds that the Designation had already been prepared and has now been electronically filed in both courts, and under Fed.R.Civ.P. 60, additionally on the grounds of mistake, inadvertence, surprise, excusable neglect, and newly discovered evidence.

## POINT I

**CLERICAL ERRORS IN FILING APPELLANT'S DESIGNATION OF THE CONTENT OF THE RECORD ON APPEAL SHOULD NOT JUSTIFY THE DISCRETIONARY DISMISSAL OF AN APPEAL FOR FAILURE TO MEET A NON-JURISDICTIONAL TIME LIMITATION WITHOUT ADEQUATE NOTICE.**

It is well settled that the time requirement in Fed.R.Bankr.P. 8006 for filing the Designation of Contents of the Record and Statement of the Issues on Appeal is not a jurisdictional pre-requisite. If these documents are not timely filed because of irregularities in entry of documents or serving of notices, the principle is that an appellant should not be penalized for oversights of third parties, even clerks of court. *See*, *In re Jewelcor Inc., JJ&D Realty Co., Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 398 (3rd Cir. 1993). In an extensive discussion of the treatment by courts of untimeliness problems in filing an appellant's designation of record, the court in *In re Bulic*, 997 F.2d 299, 301-2 (7th Cir. 1993) classified the various treatments into three categories. First, some courts simply address the equities of the situation without reference to the Bankruptcy Rules. Second, some courts decide the issue pursuant to Fed.R.Bankr.P. 8001(a), allowing liberal treatment for non-jurisdictional procedural lapses. "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ...deems appropriate..." Fed.R.Bankr.P. 8006(a). Third, some courts address the situation under Fed.R.Bankr.P. 9006(b)(1), which allows any time limit to be extended even if the application is made after the time period has expired if the lack of earlier application is the result of excusable neglect.

Under all of the criteria cited in *Bulic*, Appellant's application should be granted, since the acts of the Clerk of the Bankruptcy Court in recommending dismissal were not transmit-

-5-

ted to Appellant in violation of due process, the irregularity is clearly an act of a third party, and the Failure to file the Designation electronically when Appellant was under the impression that it had been so filed already can be classified as excusable neglect. There is also the possibility that another copy of the Notice of Appeal was filed by mistake thinking it was the Designation of Record, since the Docket shows three separate Notices of Appeal whereas only two were filed. *See also, Pioneer Investment Services Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380 (1993).


## POINT II

### APPELLANT SATISFIES THE REQUIREMENTS FOR RECONSIDERATION UNDER FED.R.CIV.P. 59 AND 60.

Appellant is entitled to relief from the judgment dismissing his appeal under the standards of either Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60. Under Rule 59(a), a court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions, of law, or make new findings and conclusions. *Zurich Amer. Inc. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 946 (9th Cir. 2007) citing *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 1999).

The term "mistake" in Rule 60(b)(1) includes not only mistakes made by litigants, but also mistakes made by the court. *See, In re Woods*, 173 F.3d 770, 780 (10th Cir. 1999). Here, it was a mistake of the court not to inform Appellant that the apparent naked transmission of his case to the District Court was accompanied by a recommendation of dismissal because of the absence of a document that he thought had been filed. It is also by extension a mistake of the court that Appellant has ordered the necessary transcripts three months ago and has as yet received no notice of any progress in their preparation.

-6-

## POINT III

**AFTER THE DISMISSAL OF THE APPEAL OF THE ORDER DENYING RECONSIDERATION OF A PRIOR RULING IGNORING A DEBTOR'S APPLICATION FOR AN EXTENSION OF TIME TO FILE REQUIRED INFORMATORY DOCUMENTS, THE APPEAL THEREFROM SHOULD BE CONSOLIDATED WITH THE DEBTOR'S APPEAL FROM THE ORDER DISMISSING THE ENTIRE BANKRUPTCY CASE ON THE SOLE GROUND OF UNTIMELY FILING OF SAID DOCUMENTS.**

Consolidation of appeals is within a district court's authority. Even if neither party requested consolidation, courts are routinely granted authority to consolidate related matters. Fed.R.Civ.P. 42 allows consolidation whenever there exist common questions of law or fact. Although not identical, the issues presented in the two appeals are essentially the same, and any prejudice must be shown to result from the district court's consolidation. *Tully Constr. Co. v. Cannonsburg Envtl. Assoc.*, 72 F.3d 1260, 1269 (6th Cir. 1996).

**CONCLUSION**

**RELIEF FROM THE JUDGMENT DISMISSING THE DEBTOR'S APPEAL OF THE BANKRUPTCY COURT'S DECLINING TO GRANT AN EXTENSION OF TIME IN WHICH TO FILE REQUIRED INFORMATORY DOCUMENTS AFTER DECLINING TO ACT ON THE DEBTOR'S EX PARTE APPLICATIONS SHOULD BE GRANTED; THE APPEAL SHOULD BE REINSTATED AND CONSOLIDATED WITH THE DEBTOR'S APPEAL FROM THE DISMISSAL OF HIS ENTIRE BANKRUPTCY CASE BASED ON LATE FILING OF DOCUMENTS.**

Respectfully submitted,

Dated: New York, New York
      June 3, 2008

/s/ Mayne Miller
MAYNE MILLER (MM-4106)
21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney for Appellant