UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                          Docket No. 08-CV-(4305)(JGK)
MAYNE MILLER,                                   Case No. 07-B-1348(MG)
                                                        BANKRUPTCY COURT

                                                **<u>DECLARATION</u>**

                                Debtor
--------------------------------------------------------X

         MAYNE MILLER,
                                Appellant,

               -against-

         JEFFREY L. SAPIR, as Chapter 13 Trustee,
         79 EAST OWNER LLC
                                Appellees
--------------------------------------------------------X

      **WILLIAM J. NEVILLE,** an attorney duly admitted to practice law in the courts of the

State of New York and, more particularly, in the Southern District of New York, hereby declares

the following to be true under the penalties of perjury and pursuant to 28 USC 1746:

1.      I am a member of the law firm of **Mitofsky Shapiro Neville & Hazen, LLP,** attorneys

      for Creditor-Landlord **79 EAST OWNER** LLC (hereinafter creditor-landlord), the

      owner of 1522 First Avenue, New York, New York 10075.  I am familiar with this case.

2.      This declaration opposes appellant's motion to reconsider the order dismissing the appeal

      and for consolidation because appellant fails to establish that the court overlooked

      controlling principles of law or misapprehended material issues of fact when it dismissed

      the appeal, appellant was not prejudiced by the order he seeks to appeal from and the

      appeal has little likelihood of success. The motion is untimely because it was not filed

      within ten days of the May 14, 2008 order which was docketed on May 19, 2008.  So,

      appellant failed to comply with Rule 59(e).  So, the court should deny the motion.

3.      There is no dispute that appellant did not pay the post petition rent.  From a review of the January 14, 2008 notice of appeal, the untimely designation of items for the record on appeal and the statement of the issues on appeal, appellant is not appealing the vacatur of the automatic stay.  Also, upon information and belief based on statements made by appellant, any issue with appellant's office landlord was settled.  Further, pursuant to Bankruptcy Rule 8006, the designation of the items to be included in the record on appeal and the statement of the issues to be presented was required to be filed within ten days of the notice of appeal, i.e., by January 24, 2008.  The designation attached to appellant's papers is not even dated until March 7, 2008.  It was not filed until after the May 14, 2008 dismissal.

4.      The court should deny the motion because appellant has filed a new bankruptcy petition under case number 08-11418(MG) making this motion and appeal moot.  Appellant does not explain why he needs to appeal this order when he has not shown any prejudice from the order and he filed a second bankruptcy case and currently has a stay from that case in effect.

5.      Appellant suffered no prejudice from the court not using its discretion to extend his time to file schedules because the dismissal of the case was based on his not timely filing a confirmation plan or making payments to the trustee.  The request only asked for an extension until December 10, 2007 (paragraph 19 of the November 19, 2007 declaration; ECF Doc No. 9).  So by December 13, 2007 when the hearing was held and certainly by January 4, 2008 and January 24, 2008, he already had a much longer extension than he asked for in the ex parte order to show cause Judge Peck declined to sign.

6.      Even if he can argue prejudice, he admits that he did not file the schedules as required by

Rule 1007[c] of the Federal Rules of Bankruptcy Procedure by November 16, 2007 or by

the deadline he gave himself in the request to Judge Peck of December 10, 2007.  No

showing was made that Judge Peck abused his discretion by refusing to extend

appellant's time to file the schedules.  Judge Peck's order pointed out that the request was

improperly made and should have been made by motion on notice and not by submitting

an ex parte order to show cause. A copy of Judge Peck's January 4, 2008 orders are

annexed as exhibit "A".  A copy of Judge Glenn's January 24, 2008 order dismissing the

case is annexed as exhibit "B".   A copy of Judge Glenn's February 28, 2008 order

denying reconsideration is annexed as exhibit "C".  A copy of Judge Berman's March 24,

2008 order denying appellant's motion for a stay pending appeal is annexed as exhibit

"D".   A copy of Judge Berman's May 2, 2008 order denying appellant's motion for

reconsideration is annexes as exhibit "E".

7.      Appellant has failed to show good cause to vacate the order dismissing the appeal or for

consolidation. Appellant neglected to establish that this court overlooked controlling

principles of law and misapprehended material facts when the court dismissed the appeal

of Judge Peck's order.  Appellant did not comply with his obligations under the law

during the more than four months that passed from the January 4, 2008 order and the

May 14, 2008 order dismissing the appeal.  Consolidation is inappropriate because the

orders appealed from involve different parties, relief sought and questions of law and

fact.

8.      Appellant has not shown that the court overlooked controlling principles of law or

misapprehended material facts when it dismissed the appeal from the January 4, 2008

Bankruptcy Court order (*In re Perry H. Koplik & Sons, Inc.,* 2007 WL 3076921, *4

(Bankr. S.D.N.Y. October 18, 2007); *In re Asia Global Crossing Ltd*, 332 B.R. 520, 524

(Bankr. S.D.N.Y.2005); *In re Adelphia Business Solutions, Inc*., 2002 WL 31557665, *1

(Bankr. S.D.N.Y. October 15, 2002); *In re Miller*, 2008 WL 110907 *4 (Bankr. S.D.N.Y.

Jan. 4, 2008).

9.     Reconsideration of a court's previous order is an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources

(*Cartier, A Div. of Richemont N. Am., Inc. v Aaron Faber, Inc*., 396 F. Supp. 2d 356, 363

[SDNY 2005]). Reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked – matters, in other words,

that might reasonably be expected to alter the conclusions reached by the court (*Shrader

v CSX Transp., Inc.*, 70 F.3d 255, 257 [2d Cir. 1995]).  On a motion for reconsideration,

new facts, issues or arguments will not be considered.  *In re Spiegel*, 2007 WL 1080190,

*3 (Bankr. S.D.N.Y. April 4, 2007); *In re Asia Global Crossing, Ltd*., 332 B.R. at 524; *In

re Miller*, 2008 WL 110907 *4 (Bankr. S.D.N.Y. Jan. 4, 2008).   Appellant has not

presented any material new facts or binding precedent in the interim from the court's May

14, 2008 order and the motion for reconsideration.

10.     The burden of showing either manifest injustice or error of law is on appellant and is

construed strictly against appellant.  *In re WorldCom, Inc., 2007 WL 4179316,* *1 (Bankr.

S.D.N.Y. Nov. 27, 2007); (Bankr. Ct. Order, dated February 28, 2008).  Appellant failed

to meet his burden.

11.     Appellant admits that he violated the law.  He admits that he did not timely file

electronically the designation of items to be included in the record and the statement of

issues on appeal and the clerk of the Bankruptcy Court did not receive it.  He asks this

court to find that the court should allow him to pick and choose what portions of the law

he should follow.

12.    Appellant is a chronic litigant in Housing Court.  Appellant has been a respondent in the

following cases creditor-landlord has learned about L&T 75372/2006, L&T 93718/05,

L&T 79522/04, L&T 100077/00, L&T 107166/99 (Respondent defaulted in that case

too), L&T 90075/89, L&T 69326/88, L&T 88018/87.  These are in addition to the

January 4, 2008 judgment under index number L&T 79271/2007.  This court should deny

the motion to vacate the dismissal of the appeal.

13.    Pursuant to the January 4, 2008 order, the automatic stay was lifted to enable creditor to

proceed with the trial in Civil Court on January 8, 2008 to obtain a judgment against

appellant.  The issuance of the warrant was stayed pending further order of the

Bankruptcy Court.

14.    On January 8, 2008, the parties resolved the summary proceeding in Civil Court.

Appellant consented to a final judgment in favor of Creditor 79 East Owner LLC for

$23,000.00. This settled all issues concerning the rent from April 2006 through January

2008.  So, the court should disregard appellant's comments concerning the condition of

the apartment before January 2008.  The condition of the apartment was resolved in Civil

Court and was not an issue involved in the dismissal of appellant's bankruptcy case

because appellant violated the law.  Debtor still owes Creditor-Landlord rent through

July 2008 totaling $30,210.00. From the time he moved into this apartment in or about

December 2005, appellant has paid approximately six months of rent out of the thirty-one

months he has lived in the apartment.

15.    Based upon the facts of the state court proceeding and this case, appellant cannot

demonstrate that the bankruptcy filing and his vexatious litigation tactics were for any purpose other than delay, harassment and to remain in occupancy/control of the rent-regulated apartment. Judge Peck found (on page 7 of his January 4, 2008 order) that appellant filed the bankruptcy case for strategic purposes to preempt a judgment in Civil Court and to protect his interest in the apartment when he was struggling with inadequate revenue from his law practice. The filing was not a good faith filing to organize finances and pay debts, but was used as a sword against this creditor-landlord. Similarly, his pattern of not complying with his obligations under the law, blaming others, making excuses and motions and motions for reconsideration show appellant's bad faith.

16.    Appellant, an attorney, did not file any of the court's required schedules and failed to comply with the November 2, 2007 deficiency notice which gave appellant until November 16, 2007 to cure the numerous deficiencies. On pages 4 and 5 of the January 4, 2008 decision and order of Judge Peck, the court denied appellant's request for an extension to file the required schedules and statement of financial affairs because he had already taken the time he had asked for. If appellant was really interested in proceeding with the bankruptcy case, appellant would have filed the appropriate schedules when he filed the petition or, at least, during the time provided for in the deficiency notice or by the December 10, 2007 date he asked for. Appellant is experienced in Bankruptcy Court practice. Appellant has not shown that this court or Judge Peck misapprehended material facts, misapplied controlling principles of law or abused his discretion. The Bankruptcy Court considered and rejected appellant's excuses and arguments. Appellant makes similar excuses and blames the court clerk, instead of himself for his failing to comply with his obligation to timely file the designation of items for the record on appeal and the

statement of issues on appeal.

17.    The Chapter 13 Trustee moved to dismiss the Chapter 13 case because appellant fail to file the required schedules and a plan under 11 U.S.C. § 1321 and Federal Rules of Bankruptcy Procedure 3015(b).   The court granted the motion in a January 24, 2008 order on the grounds of failure to file a plan which admittedly was not done on January 24, 2008 and for not making payments to the trustee.   The failure to file the schedules was not a basis for dismissing the case.   Bankruptcy Court denied appellant's application for reconsideration.

18.    Appellant has no equity in the premises.   By appellant retaining possession of the subject premises, he is denying the Creditor-Landlord use of its premises.   There is an ongoing summary nonpayment where a judgment of possession was entered in the amount of $23,000.00.   Currently, the warrant of eviction has issued terminating the landlord-tenant relationship and appellant remains in possession owing $30,210.00 through July 2008 without accounting for the significant legal fees appellant has caused 79 East to incur. If this court vacates the May 14, 2008 order, appellant will have succeeded in using his knowledge of the court system to manipulate the system and continue to prevent 79 East, to its detriment, from obtaining its remedy to regain legal possession of the subject premises.

19.    79 East has had to forego the use of its property without receiving adequate compensation thereof.   If this court vacates the May 14, 2008 order, 79 East will be required to forego the use of the property for an additional unspecified period of time.

20.    Appellant has not presented any proof that this court or the Bankruptcy Court misapplied law and why appellant should be allowed to violate the rules with impunity.   Appellant

blames the clerk for the dismissal of his case. There is a presumption that government employees will properly perform their duties (Prince, *Richardson On Evidence*, Section 72, tenth edition). Appellant has not rebutted that presumption or presented any proof that the clerk did anything wrong. Appellant has not shown that dismissing the appeal was improper, overlooked controlling principles of law or misapprehended material facts. Appellant's excuses and speculation are insufficient to grant reconsideration and vacate the May 14, 2008 order. Here, appellant has not shown that this court misapplied the law. Appellant has not shown that he has a substantial possibility or likelihood of success on the appeal. So, the court should deny the motion.

21.    Also, he who seeks equity must do equity; he who comes into equity must come with clean hands; and equity aids the vigilant, not one who slumbers on his rights. Equity insists on the conscientious obligations of the suitors. Equity will not aid one who consciously invites the wrong of which he complains. One cannot aid the commission of a wrong and complain to equity that he has been injured. So, since the result complained of was induced by appellant's failure to comply with the law, equity will refuse relief. This is especially true due to appellant's history of cavalier disregard for complying with his obligations under the law and then expecting the court to correct his mistakes at his creditors' expense. Another example of appellant's failure to comply with the rules is his failure to file the briefs in the appeal from the January 24, 2008 and obtaining two extensions from this court to file the brief.

22.    All appellant had to do to continue the stay was to file the required papers when he filed the bankruptcy petition or within the time allowed in the November 2, 2007 deficiency notice. Appellant admits he ignored the law and the November 2, 2007 deficiency notice

and still had not filed the papers by the December 13, 2007 court date. He did not file the schedules until January 22, 2008, two days before the January 24, 2008 hearing.  In any event, the late filing of the schedules was not a basis for dismissing the case.  So, appellant suffered no prejudice.  The court should deny the motion because the appeal is futile and lacks a likelihood or substantial possibility of success.

23.    Also, appellant's disregard for the rights of its creditors shows the balance of equities favors creditor who has suffered long enough. The summary proceeding law and the statutory scheme are designed to provide owners with a simple expeditious and inexpensive means for regaining possession of their property.  A further delay in this case would prejudice creditor because it deprives it of the special remedy provided by summary proceedings. Also, every dollar spent on lawyers is a dollar creditors will never see. Appellant delayed paying rent from February 2006.  The court should prevent any further delay in restoring possession to creditor.  A delay of an action can easily be a drastic remedy on the simple basis that justice delayed is justice denied.  Further delay and expense to creditor should therefore be refused unless the proponent shows good cause for granting it.  Nothing but good cause will make for a "proper case".  Vacating the May 14, 2008 order will delay the justice creditor is entitled to.  Justice creditor has been entitled to since appellant refused to comply with the bankruptcy law, the lease, the January 8, 2008 judgment of possession and warrant of eviction.  Since there is no basis in law or fact to vacate the dismissal of the appeal, this court should deny the motion.

24.    The motion to vacate the dismissal of the appeal is addressed to the discretion of the court which discretion should be exercised in terms of the actual background of the case, taking into consideration the lack of good faith, inexcusable procrastination or dilatory

conduct. Since vacating the May 14, 2008 would subvert the sound policy in favor of finality of judgments, a careful consideration of the necessity of the appeal should be made.

25.     The request to vacate the May 14, 2008 order is a request for an equitable remedy and as with any such remedy the court should examine a broad range of equitable considerations. The court should balance all of the equities involved, since equity will not step in unless the balance is extremely weighted to one side. Here, the equities weigh in favor of creditor. The court should refuse to vacate the dismissal of the appeal. Appellant has obtained another stay by filing a new bankruptcy case.

26.     Vacating the dismissal of the appeal will prejudice creditor, will delay and frustrate the efficient administration of the court, the delay in filing the schedules, the plan, the designation of items for the record on appeal and the statement of the issues on the appeal were all within the control of appellant who is an experienced attorney and appellant has not acted in good faith throughout the litigation with 79 East. These are reasons why the court should refuse to vacate the May 14, 2008 order. The dismissal of the appeal was the result of the negligence, indifference or culpable conduct of appellant. There was no act of God or unforeseeable human reason for not complying with the court rules. Vacating the May 14, 2008 order will frustrate the Bankruptcy Code's goals of certainty and finality in resolving disputed claims.

27.     Given the absence of <u>any</u> evidence which would suggest a likelihood or substantial possibility of success on the merits, it is evident that appellant's purpose in filing this motion and/or pursuing an appeal is to prevent enforcement of the judgment for as long as possible. This is part of its pattern of delay. The court should deny the motion

because appellant has obtained a new stay in Bankruptcy Court by filing a second

petition, because he did not establish that this court overlooked controlling principles of

law and misapprehended material facts and because he is a chronic litigant who has not

proven good cause for a stay or that the equities balance in his favor.

 **WHEREFORE,** it is respectfully requested that the court deny this motion and grant

such other relief that is proper.

Dated: New York, New York
   July 15, 2008

         _/S/_William J. Neville_____
         WILLIAM J. NEVILLE (8906)

attylib/appeals/ aff to opp  vacate dismissal of appeal/ reargue miller and 79 east sdny

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:                                                          Case No. 07-13481 (JMP)

     MAYNE MILLER

                                      Chapter 13

                 Debtor.                         **ORDER**

-------------------------------------------------------X

       Creditor 79 East Owner LLC, by its attorneys, Mitofsky Shapiro Neville & Hazen,

LLP, having duly moved this court for an Order:

       Granting Creditor relief from the automatic stay provision of 11 U.S.C. §362 and permitting

Creditor to proceed with the trial of the summary proceeding with debtor from the residential premises

known as apartment 4N at 1522 1st Avenue, New York, New York 10021; and

       Upon consideration of the affidavit of Daniel Kopel, the declaration of William J. Neville,

the exhibits annexed to Creditor's motion, the memorandum of law in support of Creditor's motion, the

declaration of Mayne Miller, the memorandum of law opposing Creditor's motion and upon oral argument

of said motion at a hearing held on December 13, 2007 (the "Hearing"), and the debtor having appeared

and opposed said motion at the Hearing, and for reasons stated on the record at the Hearing, and upon due

deliberation, including review of order proposed by Creditor, a form of order counter-proposed by Debtor

and a letter from the Debtor dated December 26, 2007 relating to the form of order to be entered:

       It is hereby:

**ORDERED**, that the automatic stay pursuant to 11 U.S.C. §362 is vacated, terminated and modified with respect to certain real property described as apartment 4N at 1522 First Avenue, New York, New York 10021, effective immediately for the purpose of enabling the Creditor to proceed with the trial in Civil Court, currently scheduled for January 8, 2008 against the Debtor. Creditor, if successful in the Civil Court litigation, is authorized to obtain and request entry of a judgment against the debtor, provided, however, that before any warrant of eviction may issue, Creditor must first seek permission from the Bankruptcy Court for the warrant to issue and to otherwise execute on the judgment, by means of a further motion for relief from the automatic stay.

Dated: New York, New York
      January 4, 2008

                                    _s/ James M. Peck_
                                  Honorable James M. Peck
                                  United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT     NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

MAYNE MILLER,                Chapter 13

        Debtor.             Case No. 07-13481(MG)

------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
### DENYING DEBTOR'S MOTION FOR RECONSIDERATION

APPEARANCES:

MAYNE MILLER, *pro se*
P.O. Box 8050 G.P.O.
New York, N.Y. 10116

      Mayne Miller, Esq.

JEFFREY L. SAPIR
399 Knollwood Road
Suite 102
White Plains, N.Y. 10603

      Jodi Kava, Esq.
      Counsel for Jeffrey L. Sapir as Chapter 13 Trustee

HARVEY J. CAVAYERO & ASSOCIATES
57 Old Country Road, Suite L
Westbury, N.Y. 11590

      Harvey J. Cavayero, Esq.
      Counsel for Irene A. Cargonja

**JAMES M. PECK**
**United States Bankruptcy Judge**

Mayne Miller ("Miller" or the "Debtor") moves for reconsideration of certain rulings made by the Court at a hearing on December 13, 2007.[1] Miller's Motion for Reconsideration presents nothing new and is denied for the reasons stated in this decision.

The Debtor appears to be in genuine financial distress, but, unlike many debtors, his distress does not involve the calamities of job loss, a health crisis or the unfavorable and unforeseen consequences of refinancing a mortgage.[2] Instead, Miller, a lawyer who as a sole-practitioner has practiced in the bankruptcy court, complains that his financial problems are due principally to his being compelled to work without adequate compensation for certain clients who either are unable or unwilling to pay his legal fees in full. Miller has tried without success on several occasions to unburden himself from the financial constraints of this on-going representation, but his motions for leave to withdraw as counsel have been denied by the Court of Appeals,[3] and at this point Mr. Miller has no choice but to continue prosecuting an appeal even though doing so, according to his papers, will not be a productive use of his time. He argues that the trap in which he now finds himself precludes his taking on matters for other clients and from timely performing his duties as a chapter 13 debtor.

Mr. Miller has described this situation to the Court in a number of rambling written submissions and in oral argument at the hearing in his chapter 13 case held on

---

[1] Mr. Miller's case was originally assigned to Judge Peck who presided at the hearing and who is deciding the Motion for Reconsideration. Debtor's case has been reassigned to Judge Glenn effective as of January 2, 2008.

[2] Miller does seem to have a real estate component to his current financial difficulties – the need to find a tenant for some property that he owns in Florida, but he has not stressed this issue in his papers.

[3] According to the Motion for Reconsideration, the Debtor has sought reconsideration by the Second Circuit and has reiterated the request that he be permitted to withdraw as counsel in connection with an appeal currently pending in the Court of Appeals.

December 13, 2007  Miller claims to have no choice but to dedicate himself to an all-consuming engagement and argues that this should justify an extension of the deadline for filing bankruptcy schedules and of the time for performing obligations (i.e. paying rent) arising under his nonresidential lease of office space in a loft in Long Island City (the "Long Island City Lease").

The Court listened to these arguments at the hearing but disagreed with the Debtor and denied the requested relief finding that the professional hardship described by the Debtor, while no doubt unfavorable from his perspective, did not constitute cause to grant an extension of the time to file schedules or to perform obligations arising under the Long Island City Lease.  The Court also noted that effective lawyers needed to be able to balance competing demands and to handle more than one case or commitment at a time  In short, Miller's ongoing duty to perform work diligently and in a professional manner for his clients was no excuse for his failure to timely perform his own obligations as a debtor, and the Court, after fully considering the arguments presented, found that Miller had failed to show cause for the requested relief.  Debtor now asks the Court to reconsider these rulings.

*Background*

Miller commenced this voluntary case under chapter 13 of the Bankruptcy Code on November 1, 2007  Based upon declarations filed by the Debtor, Miller filed for bankruptcy relief prior to the scheduled trial of a landlord-tenant case pending against him in the New York City Civil Court to avoid the impact of §362(b)(22) of the Bankruptcy Code.  This section excludes eviction proceedings from the operation of the automatic stay where a landlord of residential property has obtained a prepetition

judgment of possession. The Debtor filed this case for strategic purposes to preempt such a judgment and to protect Debtor's interest in his rent-controlled apartment at a time when he was struggling with inadequate revenue from his law practice.

The Debtor has not filed bankruptcy schedules or a statement of financial affairs in over sixty-days. On November 19, the Debtor applied by means of an Order to Show Cause (ECF Doc. # 9) for an extension of time until December 10, 2007 for the filing of schedules and a statement of financial affairs. He also submitted a nine-page declaration that, in considerable detail, offered various reasons for his needing more time. These include the disorganized state and poor condition of his records, a computer failure resulting in the loss of certain electronically stored information and the alleged inability to concentrate on the schedules because of the asserted overriding obligation to perform legal work in connection with the Second Circuit appeal.

The declaration also explains the various personal and professional setbacks that contributed to the bankruptcy filing, notes the Debtor's attempts to be relieved of burdensome litigation responsibilities and asks for a three-week extension until December 10, 2007. The Court considered this application and declaration in preparation for the hearing on December 13, 2007, but did not grant the application prior to the hearing.[1]

At the hearing on December 13, 2007, the Court asked about the status of the schedules. The Debtor conceded that he had not worked on the schedules contending that he was unable to devote himself to that task due to his conflicting responsibilities to

---

[1] Rule 1007(c) of the Federal Rules of Bankruptcy Procedure requires the debtor to file the schedules no later than fifteen days after the petition date unless a timely motion setting forth cause for an extension is granted. Fed. R. Bankr.P. 1007(c); Interim Fed. R. Bankr.P. 1007(c). Under this rule any such extension may be granted only on motion for cause shown.

clients. In exercising discretion not to grant the application for lack of cause shown, the Court found it significant that the Debtor had made no effort to file his schedules and statement of financial affairs by the self-imposed deadline that he had selected in his own application and that so much seemingly unnecessary effort had gone into the application and supporting papers.

Notably, the Debtor managed to find the time to request an extension of the filing deadline while complaining that he lacked the time to comply with Rule 1007(b)(1). The time spent in seeking to defer the deadline would have been better spent in preparing the overdue schedules. Additionally, the Debtor's refrain that he was engaged in preemptive litigation for clients who were not paying for his services provided a partial explanation for his financial difficulties but did not justify the Debtor's failure to fulfill his obligations in his bankruptcy case. The Debtor simply was not credible in asserting that he was overwhelmed by the demands of litigation.

The Court also considered at the hearing a motion by the Debtor relating to the Long Island City Lease[5] (ECF Doc. # 10) and a motion for relief from stay brought against the Debtor by his residential landlord (ECF Doc. #12). The Debtor filed lengthy papers in support of and in opposition to these respective motions. The central theme of Debtor's submissions, mentioned again in his current request for reconsideration, is that his responsibility as a lawyer to continue performing legal work for clients without adequate compensation is an unusual circumstance that should excuse his failure to timely perform his duties as a debtor, at least until he either extricates himself from this

---

[5] Although styled a "Motion to Extend Time to Assume Lease," Debtor actually sought relief with respect to his obligation to pay post-petition rent due his landlord. The timing of the motion (more than 90 days prior to the expiration of the initial deadline for lease assumption set forth in §365(d)(4)) supports the view that the motion was less about assumption and more about obtaining relief from the obligation to pay rent.

representation or finishes writing appellate briefs that must be filed with the Court of
Appeals. The Debtor again complains that he has been forced by circumstances to work
for little compensation, that certain requests for leave to withdraw as counsel have been
delayed and denied, and that the dictates of professional responsibility have turned him
into a virtual slave to his clients to his economic detriment.

     Notwithstanding this argument, the Court found against the Debtor with respect to
the motion for relief from stay and the motion relating to the Long Island City Lease.
The Court granted relief from the automatic stay to permit Debtor's residential landlord
to proceed with pending litigation in the New York City Civil Court up to the point of
entering a judgment (a separate order was entered reflecting this relief on January 4,
2008) (ECF Doc. # 22)[6]. The Court also declined to grant relief requested by the Debtor
relating to obligations arising under his nonresidential Long Island City Lease.[7]

     The landlord under the Long Island City Lease, filed an affidavit in opposition to
the Debtor's Motion alleging that his office lease dated September 19, 2006 had expired
in accordance with its terms on August 18, 2007, that the Debtor was in default in paying
his rent (allegedly $6,600 in pre-petition rent – representing rent for six months – remains
unpaid) and was at this point simply a holdover tenant. The landlord also argued that the
building where Debtor's office was located at 21-55 45th Road in Long Island City was

---

[6] The landlord settled an order confirming relief granted from the bench. Debtor opposed the form of that
order. The order as entered reflects the Court's review of both proposed orders and consideration of a letter
from Miller dated December 26, 2007.

[7] Debtor's Motion for Reconsideration characterizes this motion as a request to extend the time to assume
the lease. During the hearing held on December 13, 2007, the Court determined that the Debtor confused
his obligation to perform mandated by §365(d)(3) with the requirement to assume a nonresidential lease
within a specified period in order to avoid deemed rejection as specified in §365(d)(4). Regardless of the
label used, the Court has treated the Motion as a request to extend the Debtor's time for performance under
the Long Island City Lease due to his current cash flow crunch.

subject to an agreement of sale that called for all tenants to vacate and that Miller's refusal to move out of his office premises jeopardized that transaction.

In denying Debtor's Motion to extend the time for performing his obligations under the Long Island City Lease, the Court considered the opposition of the landlord, the fact that the lease had expired, and the fact that the Debtor had failed to demonstrate any reasonable likelihood that he would be able to satisfy his obligations to the landlord within a reasonable period of time. The argument concerning the inability to generate income while engaged in appellate practice in the Court of Appeals neither excused the failure to pay rent nor constituted cause to extend the time for assumption of the lease under §365(d)(4) of the Code. To the contrary, the circumstances alleged by the Debtor showed that it was uncertain whether, when and how the Debtor would ever be able to perform under the Long Island City Lease.

On December 20, 2007, the Chapter 13 Trustee filed a Motion to Dismiss (ECF Doc. # 18) returnable before Judge Glenn on January 24, 2008. The Motion to Dismiss alleges, among other things, Debtor's failure to file his schedules and statement of financial affairs, a plan or tax returns, to attend a meeting of creditors under §341 of the Bankruptcy Code or to make any plan payments to the Trustee. The fact that this motion is pending plays no role in the determination of the motion for reconsideration although it does demonstrate that there are multiple deficiencies in Miller's handling of his case and shows that the case is vulnerable to dismissal unless these deficiencies are cured. Nothing in this decision is intended to influence the outcome of the Motion to Dismiss.

On December 26, 2007, the Debtor filed a motion for reconsideration (ECF Doc. # 19) of the denial of the Debtor's motion to extend the deadline for filing bankruptcy

schedules and of the time for performing obligations (i.e. paying rent) arising under the

Long Island City Lease. In support of this motion, the Debtor raised again his inability to

timely perform his duties as a Debtor because of allegedly burdensome professional

responsibilities.

*Discussion*

Local Bankruptcy Rule 9023-1(a) governs Motions for Reconsideration, and, in

pertinent part, provides:

> A motion for reargument of a court order determining a motion shall be
> served within 10 days after the entry of the Court's order determining the
> original motion... The motion shall set forth concisely the matters or
> controlling decisions which counsel believes the Court has not considered.
> No oral argument shall be heard unless the Court grants the motion and
> specifically orders that the matter be re-argued orally.

Local R. Bankr. Pro. 9023-1(a). *See also*, Fed. R. Civ. P. 59(e). A court may

reconsider an earlier decision when a party can point to "an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46,55 (2d Cir. 2004)

(citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,1255 (2d Cir.

1992) (Cautioning that "where litigants have once battled for the court's decision, they

should neither be required, nor without good reason permitted, to battle for it again.")

(internal quotations and citation omitted). In other words, to be entitled to

reconsideration, the moving party "must show that the court overlooked controlling

decisions or factual matters that might materially have influenced its earlier decision." *In*

*re Perry H. Koplik & Sons, Inc.*, 2007 WL 3076921, *4 (Bankr. S.D.N.Y. October 18,

2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. 520,524 (Bankr. S.D.N.Y. 2005); *In re*

*Adelphia Business Solutions, Inc.*, 2002 WL 31557665, *1 (Bankr. S.D.N.Y. October 15,

8

2002). New facts, issues or arguments will not be considered. *In re Spiegel*, 2007 WL

1080190, *3 (Bankr. S.D.N.Y. April 4, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R.

at 524. *See also, In re Newberry*, 2007 WL 2247588, *1 (Bankr. D. Vt. August 2, 2007)

("This Court will not grant a motion to reconsider where the moving party seeks solely to

relitigate an issue already decided, to plug gaps in an original argument or to argue in the

alternative once a decision has been made.") (internal quotations and citations omitted).

Debtor's Motion for Reconsideration does not satisfy any of the accepted grounds

for reconsidering a matter and simply presents the same arguments again. As a second

effort to persuade the Court to change its mind, the Motion for Reconsideration must fail.

It makes no argument that has not already been considered and rejected. During the past

several weeks, there has been no intervening change in controlling law and no new

evidence. Moreover, Debtor has not demonstrated any clear error or manifest injustice.

Nothing has changed since the hearing on December 13. The Debtor alleges that

he is still being squeezed by unfavorable professional circumstances and that he is unable

to fulfill his obligations as a chapter 13 Debtor while also doing what is required of him

as a lawyer. Repetition does not change the result. The Court remains unconvinced that

the legal work being done by the Debtor should excuse what has become a sixty-day

failure to file bankruptcy schedules or has any relevance to the performance of Debtor's

obligations as a holdover tenant. Having to work hard to represent a client does not

trump the duty to fulfill the requirements of the Bankruptcy Code.

The Court's conclusions in this case are informed by eighteen months of

experience in handling the chapter 13 docket in Manhattan. During that period, the Court

presided over a multitude of cases in which individuals burdened by a litany of legitimate

hardships, financial and otherwise, managed to comply with the requirements of the Bankruptcy Code and, ultimately, to confirm their chapter 13 plans. These debtors included many individuals who were appearing *pro se* and who lacked the sophistication and educational advantages of this Debtor. For many of them, the bankruptcy process was confusing, rigorous, frustrating, and time-consuming. Despite the challenges, diligent debtors persevered and did what was required to make the bankruptcy system work for them. Frequently in appropriate cases, the Court exercised its discretion to grant adjournments and extensions of time so that individual debtors could comply with the law and confirm their plans. The Court respects their good faith efforts.

When compared with most other chapter 13 cases, this case is exceptional in that this particular *pro se* debtor has the skill and background to cope with the process. Instead of utilizing his experience to move the case forward, the Debtor has chosen a path of excuse and delay. His pleadings (including the Motion for Reconsideration) seem designed to prolong the case and to defer performing his responsibilities as a chapter 13 debtor.

The extreme irony is that the Debtor has found the time and taken the effort to file long-winded papers that seek to excuse his failure to perform while at the same time alleging that he is too distracted by other obligations to concentrate on preparation of his bankruptcy schedules. Something is terribly wrong when a lawyer-debtor can manage his time to file lengthy papers requesting extensions of deadlines but is unable to discipline or dedicate himself to do the work to prepare the very documents that are required of all debtors.

*Conclusion*

Debtor has not made a compelling case for the Court to change its initial rulings or to exercise discretion to grant him additional time. For the reasons stated, the Court denies the Motion for Reconsideration.

IT IS SO ORDERED.

Dated: New York, New York
       January 4, 2008

s. *James M. Peck*
_____
Honorable James M. Peck
United States Bankruptcy Judge

11

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:                                                    Chapter 13

                                                          Case No. 07-13481 MG

**MAYNE MILLER,**

                                   Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER DISMISSING CHAPTER 13 CASE

The Court finds that cause exists to dismiss this case under

11 U.S.C. § 1307(c )(1) in that the debtor has caused unreasonable delay that is prejudicial to

creditors; and after a hearing held on January 24th, 2008, wherein the debtor appeared and

opposed the trustee's settling an order to dismiss;

The Court further finds that cause exists to dismiss this case under

11 U.S.C. § 1307 (c )(3) in that the debtor failed to timely file a plan under 11 U.S.C. § 1321

and Federal Rules of Bankruptcy Procedure 3015(b);

The Court further finds that cause exists to dismiss this case under

11 U.S.C. § 1307 (c )(4) in that the debtor has failed to remit timely payments to the Chapter

13 trustee as required by 11 U.S.C. §1326;

**IT IS HEREBY ORDERED THAT:**

Pursuant to 11 U.S.C. §1307 (c )(1), (c )(3) and  (c )(4), this Chapter 13 case is

hereby dismissed.

Dated:  New York, New York
        January 24, 2008

                              ___/s/ Martin Glenn_____
                              **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:                                                            Chapter 13
                                                                 Case No. 07-13481 MG

**MAYNE MILLER,**

                                      Debtor
-----------------------------------------------------------x

## <u>ORDER DENYING MOTION FOR RECONSIDERATION AND ORDER TO SHOW CAUSE</u>

Pending before the Court are two motions filed by chapter 13 *pro se* debtor

Mayne Miller ("Miller").  Miller is an attorney admitted to practice in this Court and is

appearing in this case on his own behalf.  Miller's first motion, filed on February 7, 2008,

is Miller's motion for reconsideration of the Order dismissing his chapter 13 case.  (*See*

ECF # 37, 38.)  The second motion, filed on February 13, 2008, is Miller's order to show

cause why the dismissal of his case should not be stayed and enforcement of a state court

judgment for possession of his apartment should not be enjoined.  (*See* ECF # 39, 40.)

At a hearing on January 24, 2008, following oral argument during which Miller

appeared and argued, the Court granted from the bench the Chapter 13 Trustee's motion

to dismiss this case under 11 U.S.C. §§ 1307(c)(1), 1307(c)(3) and 1307(c)(4).  (*See* ECF

# 18.)  The motion to dismiss was filed by the Chapter 13 Trustee on December 20, 2007.

Miller filed a written opposition to the motion on January 21, 2008.  (*See* ECF # 26.)  In

ruling orally from the bench, the Court directed counsel for the Chapter 13 Trustee to

submit a written order to the Court reflecting the Court's oral ruling.  The written order

although dated January 24, 2004, the hearing date, was not entered until February 1,

2008.  (*See* ECF # 31.)

The motion for reconsideration is based on FED. R. BANKR. P. 9023, applying FED. R. CIV. P. 59 to cases under the Bankruptcy Code. Alternatively, Miller seeks relief under FED. R. BANKR. P. 9024, in turn applying FED. R. CIV. P. 60 to bankruptcy cases. Because the motion for reconsideration was timely filed within 10 days after the entry of the written order dismissing Miller's case, it is unnecessary to analyze the motion under Rule 9024. Also applicable here is Local Bankruptcy Rule 9023-1(a), making clear that the 10 day period for a motion for reconsideration runs from the entry of the order from which reconsideration is sought and providing that a motion for reargument "shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally."

Miller's motion for reconsideration fails to raise any grounds justifying reconsideration of the order dismissing this case. Miller should be well aware of the standards applicable to a motion for reconsideration as Judge Peck previously denied a motion for reconsideration by Miller concerning an earlier ruling by Judge Peck in Miller's chapter 13 case. Judge Peck set forth the standards for reconsideration as follows:

> A court may reconsider an earlier decision when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error orb prevent manifest injustice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46,55 (2d Cir. 2004) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,1255 (2d Cir. 1992) (Cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (internal quotations and citation omitted). In other words, to be entitled to reconsideration, the moving party "must show that the court overlooked controlling decisions

or factual matters that might materially have influenced its earlier decision." *In re Perry H. Koplik & Sons, Inc.*, 2007 WL 3076921, *4 (Bankr. S.D.N.Y. October 18, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. 520,524 (Bankr. S.D.N.Y. 2005); *In re Adelphia Business Solutions, Inc.*, 2002 WL 31557665, *1 (Bankr. S.D.N.Y. October 15, 2002). New facts, issues or arguments will not be considered. *In re Spiegel*, 2007 WL 1080190, *3 (Bankr. S.D.N.Y. April 4, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. at 524. See also, *In re Newberry*, 2007 WL 2247588, *1 (Bankr. D. Vt. August 2, 2007) ("This Court will not grant a motion to reconsider where the moving party seeks solely to relitigate an issue already decided, to plug gaps in an original argument or to argue in the alternative once a decision has been made.") (internal quotations and citations omitted).

*In re Miller*, 2008 WL 110907 *4 (Bankr. S.D.N.Y. Jan. 4, 2008).

The burden of showing either manifest injustice or error of law is on the moving party and construed strictly against the moving party. *In re WorldCom, Inc.*, 2007 WL 4179316, *1 (Bankr. S.D.N.Y. Nov. 27, 200 ) (citing *Enron Corp. v. J.P. Morgan Sec. (In re Enron Corp.)*, 356 B.R. 343, 351 (Bankr. S.D.N.Y. 2006)).

Miller's motion for reconsideration from the order dismissing his case suffers from the same impediments as his last motion for reconsideration – no new facts or binding precedent have been found in the interim between the original decision to dismiss and the motion for reconsideration. Miller still argues that his delay in proceeding with the chapter 13 case, his failure to timely file a plan, and his failure to remit timely payments to the Chapter 13 Trustee should all be excused because the Second Circuit required that he continue representing a non-paying client in a matter pending in that court. These arguments were made by Miller, considered and rejected by this Court in granting the motion to dismiss this case. During Miller's lengthy oral argument in opposition to the motion to dismiss he raised additional excuses for failure to fulfill his

Miller was not deprived of any substantial right by not being permitted to submit a counter-order in advance of the entry of the dismissal.

The bottom line is that Miller's case was dismissed because he failed to do many of the things that any chapter 13 debtor is *required* to do to gain the protection afforded a debtor by chapter 13. The history of this case, first before Judge Peck and now before me, demonstrates that Miller repeatedly failed to fulfill the obligations of a chapter 13 debtor. Miller has no one to blame but himself. He is a practicing lawyer familiar with federal court practice. Miller had ample opportunity to correct the shortcomings that ultimately resulted in the dismissal of his case.

Because the Court has denied Miller's motion for reconsideration, the Court concludes that his second motion seeking a stay of the dismissal order and an injunction against enforcement of the state court judgment of possession, pending the outcome of the decision on the motion for consideration, is moot.

Therefore, the motion for reconsideration is DENIED. The Order to Show Cause is also DENIED.

**IT IS SO ORDERED.**

DATED:     February 28, 2008
           New York, New York


               /s/Martin Glenn
              MARTIN GLENN
          United States Bankruptcy Judge

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                               :    M-47

IN RE MAYNE MILLER                 :

                               :    **ORDER**

------------------------------------------------------------x

## I.    Background

On or about November 1, 2007, Mayne Miller ("Miller"), an attorney admitted to practice law in New York (including Bankruptcy Court), filed a <u>pro se</u> petition for bankruptcy protection under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301–30, in the United States Bankruptcy Court for the Southern District of New York. (<u>See</u> Case No. 07-13481.) On or about November 19, 2007, Mr. Miller moved in Bankruptcy Court (by order to show cause) for an extension of time to file required bankruptcy schedules and a statement of financial affairs under Rule 1007(b) of the Federal Rules of Bankruptcy Procedure. <u>See</u> Fed. R. Bankr. P. 1007(b); <u>see also</u> 11 U.S.C. § 1321; Fed. R. Bankr. P. 3015(b). On December 13, 2007, the United States Bankruptcy Judge James M. Peck held a hearing on Miller's motion; Judge Peck did not grant an application for an extension of time because Mr. Miller had not demonstrated good cause. (<u>See</u> Bankr. Ct. Order, dated Jan. 4, 2008, at 5.)

On January 24, 2007, United States Bankruptcy Judge Martin Glenn, to whom the case had been transferred, dismissed Mr. Miller's petition, pursuant to 11 U.S.C. § 1307(c), because, among other reasons, "the debtor [Mr. Miller] has caused unreasonable delay that is prejudicial to creditors," and "the debtor failed to timely file a plan under 11 U.S.C. § 1321 and Federal Rules of Bankruptcy Procedure 3015(b)." (Bankr. Ct. Order, dated Jan. 24, 2008, at 1.) On or about February 7, 2008, Mr. Miller filed a motion for reconsideration of Judge Glenn's January 24, 2007 Order. And, on or about February 13, 2008, Mr. Miller filed another motion



with Judge Glenn (by order to show cause) seeking "to stay the dismissal order." By order dated

February 28, 2008, Judge Glenn denied both of Mr. Miller's motions because, among other

reasons, "Miller's case was dismissed because he failed to do many of the things [e.g., file

bankruptcy schedules or a statement of financial affairs] that any chapter 13 debtor is required to

do to gain the protection afforded a debtor by chapter 13." Judge Glenn also stated that, "Miller

has no one to blame but himself. He is a practicing lawyer familiar with federal court practice.

Miller had ample opportunity to correct the shortcomings that ultimately resulted in the dismissal

of his case." (Bankr. Ct. Order, dated Feb. 28, 2008, at 5); see also Fed. R. Bankr. P. 1007(b).

On or about March 7, 2008, Mr. Miller filed with this Court an "Emergency Motion to

Stay the Dismissal of the Chapter 13 Bankruptcy Case." On the same date, this Court issued an

order directing, among other things, that a conference be held before the Court on March 12,

2008 at 10:30 a.m. to discuss Mr. Miller's application and denying interim relief. The March 7,

2008 Order also provided, among other things, that "personal service of this Order and [Mr.

Miller's] application is to be made upon the [bankruptcy] trustee no later than 12:00 p.m. on

March 10, 2008." (Order, dated Mar. 7, 2008, at 2.) On or about March 10, 2008, the Court

received a letter from the trustee, Jeffrey L. Sapir, stating, among other things, that "the trustee

has not been served with appellant's application," and that he could not in any case appear at the

March 12, 2008 conference because he "will be conducting 341(a) meetings in Poughkeepsie,"

and the staff attorney "will be out of state." (Letter from Jeffrey Sapir to Hon. Richard M.

Berman, dated March 10, 2008 ("Sapir Letter"), at 1.) The trustee also indicated that the

"creditors have no notice of this Court's hearing." (Sapir Letter at 2.)

At the March 12, 2008 conference, the Court rescheduled the matter for March 19, 2008

because, among other reasons, Mr. Miller did not timely serve the trustee in accordance with the

Court's March 7, 2008 Order. (See Tr. of Proceedings, dated Mar. 12, 2008.) Nor, as the trustee

pointed out did "the creditors have [any] notice of this Court's hearing." (Sapir Letter at 2.)[1]

At the conference on March 19, 2008, the Court granted Mr. Miller's request that he be

permitted to respond to Landlord's March 18, 2008 submission by 5:00 p.m. on March 20, 2008.

(See Tr. of Proceedings, dated Mar. 19, 2008.) On March 20, 2008, Mr. Miller submitted a

declaration in reply to the Neville Declaration. (See Miller Reply Decl., dated Mar. 20, 2008.)

## II.    Legal Standard

The factors for the Court to consider when deciding a motion for a stay pending appeal in

bankruptcy matters are: (1) the likelihood that the appellant will succeed on the merits;

(2) whether the appellant will suffer irreparable injury if the stay is not granted; (3) whether there

will be substantial harm to the appellee if the stay is granted; and (4) whether granting the stay

would be harmful to the public interest. In re Crescenzi, 58 B.R. 141, 142–43 (S.D.N.Y. 1986)

(citing In re Beck, 26 B.R. 945, 946 (Bankr. N.D. Ohio 1983)).

## III.    Analysis

Based upon Mr. Miller's application, dated March 7, 2008, Mr. Sapir's response, dated

March 14, 2008, Mr. Miller's reply, dated March 18, 2008, Landlord's submission, dated

March 18, 2008, Mr. Miller's reply declaration, dated March 20, 2008, and the record herein, the

Court concludes, among other things, that Mr. Miller is unlikely to succeed on the merits in an

---

[1]     In fact, William J. Neville, attorney for the creditor-landlord 79 East Owner LLC
("Landlord"), submitted to the Court (and "appeared" on March 19, 2008) a declaration, dated
March 18, 2008 ("Neville Decl."), arguing that Landlord is the real party in interest; that Mr.
Miller "is attempting to stay enforcement of the Housing Court judgment he consented to for
$23,000.00 [back rent] and has refused to pay"; and that Mr. Miller's application to the Court
should be denied because, among other reasons, "granting a stay where [Mr. Miller] refuses to
pay the arrears prejudices [Landlord]." (Neville Decl. ¶¶ 2, 14.) Furthermore, Landlord argues,
"[g]iven the absence of any evidence which would suggest a likelihood of success on the merits,
it is evident that [Miller's] purpose in filing this motion and/or pursuing an appeal is to prevent
enforcement of the judgment for as long as possible." (Neville Decl. ¶ 19.)

appeal for many of the same reasons set forth in Judge Peck's January 4, 2008 Order (denying

Mr. Miller's December 26, 2007 motion for reconsideration of the Bankruptcy Court's earlier

rulings). In pertinent part, Judge Peck stated, "The Court remains unconvinced that the legal

work [unrelated to Mr. Miller's bankruptcy proceeding] being done by Debtor should excuse

what has become a sixty-day failure to file bankruptcy schedules . . . . Having to work hard to

represent a client does not trump the duty to fulfill the requirements of the Bankruptcy Code."

(Bankr. Ct. Order, dated Jan. 4, 2008, at 9); see also In re Watkins, No. 06 Civ. 597 (E.D.N.Y.

Mar. 28, 2006); In re Crescenzi, 58 B.R. 141, 144 (S.D.N.Y. 1986). Additionally, Judge Peck

noted that "[t]he Debtor simply was not credible in asserting that he was overwhelmed by the

demands of litigation," and "[w]hen compared with most other chapter 13 cases, this case is

exceptional in that [Mr. Miller] has the skill and background to cope with the [bankruptcy]

process. Instead of utilizing his experience to move the case forward, the Debtor has chosen a

path of excuse and delay. His pleadings . . . seem designed to prolong the case and to defer

performing his responsibilities as a chapter 13 debtor." (Bankr. Ct. Order, dated Jan. 4, 2008,

at 5, 10.)

Even assuming arguendo that it were necessary to reach other factors in deciding whether

to grant a stay of the Bankruptcy Court's January 24, 2008 Order, Mr. Miller cannot show,

among other things, that he will be irreparably harmed if a stay is not granted. That is, Mr.

Miller represented to the Court on March 12, 2008 that no proceeding of eviction had been

commenced despite Mr. Miller owing approximately $24,000 in back-rent. (See Tr., dated

Mar. 12, 2008; see also Neville Decl. ¶ 6.) And, even if a warrant of eviction were issued, Mr.

Miller would have ample opportunity to challenge the proceedings in Civil Court of the City of

New York, Housing Part, which is the appropriate state forum. <u>See, e.g.</u>, <u>Gerontis v. Schwartz</u>, No. 98 Civ. 2898, 1999 WL 179370, at *1 (S.D.N.Y. Mar. 31, 1999).

## IV.     Conclusion & Order

For the reasons stated, Defendant's motion for a stay of the Bankruptcy Court's Order, dated January 24, 2008, dismissing the chapter 13 petition is denied.


Dated:  New York, New York
        March 24, 2008

*RMB*

_____
RICHARD M. BERMAN, U.S.D.J.

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                    :        M-47

IN RE MAYNE MILLER                 :

                                      :        **ORDER**

-----------------------------------------------------------x

## I.    Background

On or about April 8, 2008, Mayne Miller ("Miller"), an attorney proceeding <u>pro se</u>,

moved (by order to show cause) pursuant to Rule 59(a) of the Federal Rules of Civil Procedure

for reconsideration of the Court's Order, dated March 24, 2008 ("Order"), denying Miller's

March 7, 2008 Emergency Motion to Stay the Dismissal of his Chapter 13 Bankruptcy Case.

The Order determined, among other things, that "Mr. Miller is unlikely to succeed on the

merits," and he "cannot show . . . that he will be irreparably harmed if a stay is not granted."

(Order at 3–4 (citing Bankr. Ct. Order, dated Jan. 4, 2008, at 9 (Peck, J.)).)

In support of his motion for reconsideration, Miller submitted a memorandum of law

(with exhibits), dated April 8, 2008 ("Miller Mem."), and a supplemental memorandum of law,

dated April 8, 2008, arguing, among other things, that "[i]f a stay herein is not

granted . . . [Miller] must re-file another Chapter 13 case, the judgment amount of $23,000 must

be paid within 30 days, and . . . [t]he eviction would occur." (Miller Mem. ¶ 33.)

On or about April 25, 2008, the bankruptcy trustee, Jeffrey L. Sapir ("Trustee"),

submitted opposition papers ("Trustee Opp'n"), informing the Court, among other things, that

"Mr. Miller has now [already] filed another Chapter 13 proceeding [on April 18, 2008] . . . and

has obtained the benefits of the automatic stay as apply to a repeat filer." (Trustee Opp'n ¶ 4.)

On or about April 28, 2008, Miller's landlord, William J. Neville ("Landlord"), submitted a

declaration ("Landlord Decl.") in opposition to Miller's motion for reconsideration arguing,

among other things, that Miller "has not established that this [C]ourt overlooked controlling

principals of law when it denied the motion for a stay pending appeal." (Landlord Decl. ¶ 4.)

On or about April 30, 2008, Miller submitted separate reply memoranda to the

oppositions filed by the Trustee and the Landlord.

A conference with the Court was held on April 30, 2008. (See Tr., dated Apr. 30, 2008.)

**For the reasons set forth below, the motion for reconsideration is denied.**

## II.    Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources." Cartier, a

Div. of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005)

(citation and internal quotation omitted). "[R]econsideration will generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked—matters, in

other words, that might reasonably be expected to alter the conclusions reached by the court."

Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is

"not a motion to reargue those issues already considered when a party does not like the way the

original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)

(citations omitted).

Where, as here, a party is proceeding pro se, the court construes his claims liberally, see

Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally

accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y.

Jan. 12, 1999).

III.     Analysis

Preliminarily, all parties agree that the Court may entertain Miller's motion for reconsideration because, an "[a]nything in an action [commenced] by the debtor [Miller] is not stayed." (See Tr. at 5:5–8; 5:17–18; 6:17–18; 7:13–17.)  The parties also agree that the Court may consider the oppositions to Miller's motion.  (See Tr. at 6:16–21.)

The motion for reconsideration lacks merit because, among other things, it repeats substantially the same arguments presented in earlier submissions to this Court.  See Jackson v. Moscicki, Nos. 99 Civ. 2427, 99 Civ. 9746, 2000 WL 511642, at *3 (S.D.N.Y. Apr. 27, 2000).  Miller points to no "controlling decisions or data that the Court overlooked" or that would alter the conclusions set forth in the Order.  Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

IV.     Conclusion and Order

For the reasons set forth herein and in the March 25, 2008, Miller's motion for reconsideration is denied.

**The Clerk of the Court is respectfully requested to close this case.**

Dated: New York, New York
       May 2, 2008

RICHARD M. BERMAN, U.S.D.J.