UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:

    MAYNE MILLER,                    08 Civ. 4305 (JGK)
                                       08 Civ. 4306 (JGK)

               Debtor.           MEMORANDUM OPINION
_____    AND ORDER

    MAYNE MILLER,

               Appellant,

      - against -

    JEFFREY L. SAPIR, Chapter 13
    Trustee, IRENE CARGONJA, and
    79 EAST OWNER, LLC,

               Appellees.
_____

JOHN G. KOELTL, District Judge:

    On January 4, 2008, United States Bankruptcy Judge James M.
Peck issued an order denying pro se debtor Mayne Miller's
("Miller") motion for reconsideration of a decision not to grant
an extension of time in which to perform certain bankruptcy-
related obligations.  The original decision followed a hearing
on the matter that had taken place on December 27, 2007.  On
January 14, 2008, Miller appealed from the order.  In an Order
dated May 14, 2008, this Court dismissed Miller's appeal for
failure to prosecute his bankruptcy appeal, more specifically,
for failure to file timely the designation of record and

statement of issues on appeal.  In Docket No. 08 Civ. 4305,

Miller moves for relief pursuant to Federal Rules of Civil

Procedure 59(e) and 60(b) from the judgment dismissing his

appeal from the January 4, 2008 order.[1]

On February 28, 2008, United States Bankruptcy Judge Martin

Glenn issued an order denying reconsideration of the dismissal

of Miller's bankruptcy case.  This order followed oral argument

on January 24, 2008, in which Judge Glenn granted the Chapter 13

Trustee's motion to dismiss.  Miller filed a notice of appeal

from this order on March 6, 2008.  That appeal is Docket No. 08

Civ. 4306.

## I

## A

Rule 8013 of the Federal Rules of Bankruptcy Procedure

provides that "[o]n an appeal [from the bankruptcy court,] the

district court . . . may affirm, modify, or reverse a bankruptcy

judge's judgment, order, or decree or remand with instructions

for further proceedings."  The Court reviews a bankruptcy

court's factual findings for clear error, Fed. R. Bankr. P.

8013, and its legal conclusions de novo, Nat'l Union Fire Ins.

Co. v. Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996).  The Court

---

[1] Miller simultaneously moved to have this appeal (08 Civ. 4305)
consolidated with a second appeal (08 Civ. 4306) that arose after his filing
the initial appeal.  For the reasons explained herein, the Court chooses to
address both appeals in this Order.  It is unnecessary to consolidate the
appeals because this Order disposes of them both.

may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below.  See, e.g., Borrero v. Conn. Student Loan Found., No. 97 Civ. 1382, 1997 WL 695515 at *1 (D. Conn. Oct. 21, 1997); In re Coronet Capital Co., No. 94 Civ. 1187, 1995 WL 429494 at *3 (S.D.N.Y. July 20, 1995).

**B**

The procedural history of this case is as follows.  On November 1, 2007, Miller, who is an attorney, commenced a voluntary case under Chapter 13 of the Bankruptcy Code.  On November 19, 2007, Miller brought an order to show cause to extend his time to file his schedules, statement of financial affairs, Official Form 22C, and proposed Chapter 13 plan until December 10, 2007 (the "Extension Application").  Miller additionally submitted a declaration explaining why additional time was required.  Judge Peck considered the order to show cause and declaration, but took no action on it prior to the hearing on December 13, 2007.  At the hearing, Judge Peck inquired as to the status of the schedules and statement of financial affairs.  Upon learning that Miller still had not completed these documents, Judge Peck found insufficient cause to grant the Extension Application.  At the same hearing, Judge Peck also denied Miller's motion requesting additional time to

perform his obligations under the lease for his Long Island City office (the "Lease Extension").

On December 26, 2007, Miller filed a motion for reconsideration of the denials of the Extension Application and the Lease Extension (the "First Reconsideration Motion").  On January 4, 2008, Judge Peck issued an order denying the First Reconsideration Motion (the "First Reconsideration Denial"). Judge Peck explained:

> When compared with most other chapter 13 cases, this case is exceptional in that this particular <u>pro se</u> debtor has the skill and background to cope with the process.  Instead of utilizing his experience to move the case forward, the Debtor has chosen a path of excuse and delay.  His pleadings including the Motion for Reconsideration seem designed to prolong the case and to defer performing his responsibilities as a Chapter 13 debtor.
>
> The extreme irony is that the Debtor has found the time and taken the effort to file long-winded papers that seek to excuse his failure to perform while at the same time alleging that he is too distracted by other obligations to concentrate on preparation of his bankruptcy schedules.  Something is terribly wrong when a lawyer-debtor can manage his time to file lengthy papers requesting extensions of deadlines but is unable to discipline or dedicate himself to do the work to prepare the very documents that are required of all debtors.

<u>In re Mayne Miller</u>, No. 07-13481, slip op. at 10 (Bankr. S.D.N.Y. Jan. 4, 2008)

In a separate order, also dated January 4, 2008, Judge Peck lifted the automatic stay provision of 11 U.S.C. § 362 and allowed the owner of Miller's rent-stabilized Manhattan

apartment, 79 East Owner LLC ("79 East"), to proceed in state court against Miller.  Judge Peck noted that 79 East would first need to seek approval of the Bankruptcy court before a warrant of eviction could issue or judgment against Miller could be executed.

On January 14, 2008, Miller appealed the First Reconsideration Denial (the "First Appeal").  Under Bankruptcy Rule 8006, an appellant is required to file a designation of items to be included in its record on appeal and a statement of issues presented within ten days of filing the notice of appeal. Those items were not filed and, almost four months later, on May 14, 2008, this Court issued an order dismissing the appeal for failure to prosecute, namely, for failure to file a designation of items to be included in the record on appeal and statement of issues on appeal (the "District Court Dismissal").  The District Court Dismissal was entered on May 19, 2008.  On June 3, 2008, Miller moved for relief from the District Court Dismissal pursuant to Federal Rules of Civil Procedure 59(a) and 60(b).

On December 20, 2007, Jeffrey L. Sapir, as Chapter 13 trustee (the "Trustee"), moved to dismiss Miller's bankruptcy case for failure to file timely a Chapter 13 plan and for failure to remit timely payments to the Trustee.  A hearing was

held on January 24, 2008 before Judge Glenn,[2] who granted the
Trustee's motion from the bench.  An order to the same effect,
dated January 24, 2008, was entered on February 1, 2008 (the
"Dismissal Order").  The court found that the appeal should be
dismissed under 11 U.S.C. § 1307(c)(1) because the debtor had
caused unreasonable delay that was prejudicial to creditors;
under 11 U.S.C. § 1307(c)(3) because the debtor failed to timely
file a plan under 11 U.S.C. § 1321 and Federal Rule of
Bankruptcy Procedure 3015(b); and under 11 U.S.C. § 1307(c)(4)
because the debtor had failed to remit timely payments to the
Chapter 13 trustee as required by 11 U.S.C. § 1326.

On February 7, 2008, Miller filed a motion for
reconsideration of the Dismissal Order and on February 13, 2008,
brought an order to show cause to stay the dismissal and enjoin
enforcement of a state court judgment for possession of his
apartment (together, the "Second Reconsideration Motions").  On
February 28, 2008, Judge Glenn issued an order denying the
Second Reconsideration Motions (the "Second Reconsideration
Denial").  Judge Glenn concluded

> The bottom line is that Miller's case was dismissed
> because he failed to do many of the things that any
> chapter 13 debtor is <u>required</u> to do to gain the
> protection afforded a debtor by chapter 13.  The
> history of this case, first before Judge Peck and now
> before me, demonstrates that Miller repeatedly failed
> to fulfill the obligations of a chapter 13 debtor.

---

[2] Miller's case was reassigned to Judge Glenn on January 2, 2008.

> Miller has no one to blame but himself.  He is a
> practicing lawyer familiar with federal court
> practice.  Miller had ample opportunity to correct the
> shortcomings that ultimately resulted in dismissal of
> his case.

In re Mayne Miller, 07-13481, slip op. at 5 (Bankr. S.D.N.Y. Feb. 28, 2008).

On March 6, 2008, Miller filed a notice of appeal of the Second Reconsideration Denial (the "Second Appeal").

On March 7, 2008, Miller filed with Judge Berman of this Court an emergency motion to stay the dismissal of his Chapter 13 case (the "Emergency Motion").  On March 24, 2008, Judge Berman denied the Emergency Motion.  On April 8, 2008, Miller moved for reconsideration of Judge Berman's order.  On May 2, 2008, Judge Berman denied this motion.

On April 18, 2008, Miller filed a second chapter 13 petition, which is not the subject of the current appeals.

## II

In 08 Civ. 4305, Miller argues that, pursuant to Federal Rule of Civil Procedure 59(e) or 60, this Court should reconsider its dismissal of the First Appeal.  Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within ten days of the filing of the judgment.  Fed. R. Civ. P. 59(e).  Rule 59 allows for the alteration or amendment of a judgment.  "[D]istrict courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice."

<u>Munafo v. Metro. Transp. Auth.</u>, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks and citations omitted).

Rule 60 allows the court to grant a party relief from a judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60, relief may also be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Bankruptcy Code provides for an extension of time in which to perform acts required under the Bankruptcy Code "where failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). In a related provision, the Bankruptcy Rules provide that the district court has discretion to take any action it deems appropriate, including dismissal of an appeal, based on an appellant's failure to take any step other than the timely filing of a notice of appeal. Fed. R. Bankr. P. 8001(a).

The Court of Appeals for the Second Circuit has explained that Bankruptcy Rule 9006(b)(1) is the appropriate rule to apply to answer the question "under what circumstances should an action or filing be permitted in a bankruptcy proceeding, notwithstanding the party's failure to comply with a deadline?" <u>Lynch v. United States</u>, 430 F.3d 600, 605 (2d Cir. 2005). Indeed, in <u>Lynch</u>, the Court of Appeals applied that rule in order to determine that the District Court had correctly refused to grant an extension of time to file a designation of the items

to be included in the record on appeal and a statement of issues, and correctly dismissed the bankruptcy appeal.  The Court of Appeals concluded that the appropriate standard to be applied to granting an extension of time should be the answer provided by Rule 9006(b)(1): "the action should be permitted where the untimeliness is the result of excusable neglect, as that standard has been developed by [Pioneer Investment Services Co. v. Brunswick Associates Partnership, 507 U.S. 380 (1993)] and its line of cases."  Id.

In this case, the appellant has failed to show excusable neglect for his failure to file timely his designation and statement.  Nearly four months passed after the filing of the notice of appeal, far more than the ten days permitted by Rule 8006, and the appellant sought no extension of time and he has failed to show any excusable neglect for his failure to file the documents in a timely fashion or to seek an extension of time.

The appellant argues that his failure was caused by excusable neglect.  While there was neglect, it was not excusable.

The Supreme Court has addressed the issue of excusable neglect in the bankruptcy context.  See Pioneer, 507 U.S. 380 (1993).  As the Court of Appeals for the Second Circuit explained, Pioneer "analyzed [excusable neglect] as it is used in a variety of federal rules, including Rule 60(b)(1)."

9

<u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248, 250 (2d Cir. 1997) (citing <u>Pioneer</u>, 507 U.S. at 393-94). Accordingly, "<u>Pioneer</u>'s . . . definition of excusable neglect is applicable beyond the bankruptcy context where it arose." <u>Id.</u> (internal quotation marks and citation omitted). Therefore, Miller's excusable neglect claim should be analyzed under the <u>Pioneer</u> standard, regardless of whether the claim arises under Federal Rule of Civil Procedure 60(b) or Federal Rule of Bankruptcy Procedure 9006(b)(1).

In determining what sort of "neglect" is excusable, the Court takes into account "all relevant circumstances surrounding the party's omission . . . includ[ing] . . . danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer</u>, 507 U.S. at 395. Upon considering "all relevant circumstances" surrounding Miller's noncompliance, there is no showing of excusable neglect.

Miller offers no plausible explanation for his failure to file a timely designation and statement. He claims that he prepared the documents as early as March 7, 2008, and that it "was his impression that the document had been filed, although it does appear that it was never filed electronically." (Miller

Decl. ¶ 6, June 3, 2008.)  Because the Notice of Appeal was
filed on January 14, 2008, even the submission of the
designation and statement on March 7 would have been untimely.
But Miller appears to concede that he never filed the document
at all and provides no reason that it was not filed.  Miller
could easily have confirmed whether it was filed.

Miller also complains that the Bankruptcy Clerk failed to
inform him in early May 2008 that it submitted a proposed
dismissal order to this Court, but by that time Miller was
woefully late in complying with his filing obligations and the
dismissal of his appeal was already warranted.

The landlord creditor 79 East opposes the motion for
reconsideration and urges that the appeal not be reinitiated.
The creditor argues that it would be prejudicial because
reinstatement of the appeal would delay and frustrate the
efficient administration of the court and possibly delay the
conclusion of the bankruptcy proceedings.  The creditor argues
that there is no evidence of any likelihood of success on the
bankruptcy appeal, and that the purpose of the motion and
pursuit of this appeal is part of a pattern of delay.  (See
Neville Decl., ¶¶ 26-27, July 15, 2008.)

It is plain that Miller's neglect was not excusable.
"[F]ailure to follow the clear dictates of a court rule will
generally not constitute . . . excusable neglect."  Canfield,

11

127 F.3d at 250.  "Where . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test."  Id. at 251; see also Lynch 430 F.3d at 604 (2d Cir. 2005) ("Canfield's gloss on Pioneer, albeit made in another context, must also govern the meaning of excusable neglect within the context of Pioneer itself – that is, bankruptcy, and specifically, the interpretation of Rule 9006(b)(1).").

There is no ambiguity in the requirement that an appellant must file a designation of items to be included in the appeal, as well as a statement of issues in the appeal, within ten days of filing a notice of appeal.  See Fed. R. Bankr. P. 8006. Miller implicitly concedes that he did not comply with the rule and did not seek an extension of time to do so.  At most, he claims to have prepared the necessary document over a month too late and then failed to file it.  Three months after filing the notice of appeal, when his first appeal was dismissed, the designation of items for record on appeal and statement of issues on appeal still had not been filed.  There is no viable justification for the neglect.  Rather, this is part of the pattern noted in the bankruptcy proceedings by both Judge Peck and Judge Glenn, in which Miller fails to comply with filing requirements and then moves for reconsideration after his applications have been dismissed for noncompliance.  "Where, as

here, no excusable neglect was shown, the late filing will not be permitted." <u>Lynch</u>, 430 F.3d at 605.

It should also be noted that the creditor would be prejudiced by allowing the appeal to be reinstated. Reinstatement of the appeal would require the expenditure of additional resources by the creditor, and possibly delay the ultimate disposition of the bankruptcy proceeding.  Moreover, there is no showing of any reasonable merit to the appeal of the discretionary decision of the bankruptcy judge deciding not to reconsider a decision denying additional time to this appellant.

Miller also asserts mistake under of the Federal Rule of Civil Procedure 60(b)(1).  Specifically, he contends that it was a mistake by the clerk of the bankruptcy court not to notify him that his notice of appeal was unaccompanied by the designation of items and statement of issues.  It is true that mistakes by the court may be considered in determining a Rule 60(b) claim. <u>See, e.g.</u>, <u>Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)</u>, 346 F.3d 31, 35 (2d Cir. 2003) (explaining that mistakes by the court of both law and fact may be considered in ruling on a Rule 60(b) motion).

However, Miller's claim of mistake is without merit.  It was Miller's obligation to comply with his filing requirements. It was not a mistake by the clerk of the bankruptcy court not to notify Miller in writing that his filing was deficient.  Miller

13

explains that he received an electronic notice from the clerk on May 7, 2008 explaining that the notice of appeal had been transmitted to the District Court and complains that the clerk did not notify him that his filings were incomplete.  But by that time, Miller was already over three months late and he does not contend that the clerk ever conveyed anything to him that justified his lateness.

Miller had ample opportunity to check the status of his appeal and failed to do so.  There was no mistake of fact or law that justifies reinstating the First Appeal.[3]

### III

In 08 Civ. 4306, Miller appeals from the Second Reconsideration Denial dated February 28, 2008.  "A Bankruptcy Court's order dismissing a case is reviewed under an abuse of discretion standard."  Lippman v. 340 E. 93rd St. Corp., No. 98 Civ. 6988, 1999 WL 97903, at *2 (S.D.N.Y. Feb. 24, 1999).  Additionally, in moving for reconsideration, a "movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision."  In re Asia Global Crossing, Ltd., 332 B.R. 520, 524

---

[3] While the Court of Appeals in Lynch explained that a case such as the present one where an appeal is dismissed based on an untimely filing should be analyzed under Rule 9006 and the standard of excusable neglect, in this case, dismissal of the appeal would also be warranted under Rule 8001(a), in view of the length of the delay and the appellant's history of dilatory action.  See, e.g., French Bourekas Inc. v. Turner, 199 B.R. 807, 814-815 (E.D.N.Y. 1996) ; First Nat'l Bank of Md. V. Markoff, 70 B.R. 264, 265 (S.D.N.Y. 1987).

(Bankr. S.D.N.Y. 2005) (internal quotation marks and citations omitted).

A

Here, the Court finds no abuse of discretion by the bankruptcy court in dismissing the case pursuant to Section 1307(c) of the Bankruptcy Code. See 11 U.S.C. 1307(c). As Judge Glenn explained in denying reconsideration, "[t]he bottom line is that Miller's case was dismissed because he failed to do many of the things that any chapter 13 debtor is <u>required</u> to do to gain the protection afforded a debtor by chapter 13. The history of this case . . . demonstrates that Miller repeatedly failed to fulfill the obligations of a chapter 13 debtor. Miller has no one to blame but himself." <u>In re Miller</u>, No. 07-13481 MG (Bankr. S.D.N.Y. Feb. 28, 2008) (emphasis in original).

Miller fails to present any argument on appeal indicating that the Bankruptcy court abused its discretion in dismissing the case and denying reconsideration. Miller failed to file the plan as required and unreasonably delayed the proceedings. The bankruptcy court correctly found that Miller's excuses were insufficient to justify his unreasonable delay and failure to file a plan. <u>See</u> 11 U.S.C. § 1307(c)(1), (3) (allowing dismissal of a chapter 13 action for "unreasonable delay by the debtor that is prejudicial to the creditors" and "failure to file a plan timely under this title"). Regardless of the

15

ultimate disposition of the action between Miller and his creditor landlord in Housing Court, it is prejudicial to require 79 East to continue to litigate, time and again, the same issues that have been raised by Miller in various courts for nearly a year.

Additionally, Miller asserts that the portion of Judge Glenn's dismissal order referring to Miller's failure to remit payments to the Trustee is improper.  Under Section 1326(a) of the Bankruptcy Code, payments to the Trustee are only required once a plan has been filed.  11 U.S.C. 1326(a).  According to Miller, because his plan was never filed, his failure to remit payment cannot be grounds for dismissal.  Even if this argument were correct, it would not excuse the failure to file the plan in the first place, and would not undermine the justifiable dismissal of the case.

Miller fails to demonstrate that the bankruptcy court abused its discretion in dismissing his bankruptcy case and denying reconsideration.  At no point does he meet the standard for reconsideration.[4]

### CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, they are

---

[4] It is unnecessary to consider whether the debtor's filing of a new bankruptcy petition has mooted the dismissal of the prior bankruptcy case.

either moot or without merit.  Therefore, for the reasons stated above:

(1) In 08 Civ. 4305, the motion for relief from judgment or for modification and consideration is **denied**;

(2) In 08 Civ. 4306, the order of the bankruptcy court dismissing the appellant's Chapter 13 proceeding and denying reconsideration is **affirmed**.

The Clerk is directed to enter Judgments accordingly and to close both cases.

**SO ORDERED.**

**Dated: New York, New York
      January 23, 2009**

                                        John G. Koeltl
                                United States District Judge

17